Memphis & Vicksburg Railroad Company *v.* J. L. Cocke, Administrator.

1. Agency. *Evidence. Declaration of agent.*
   In an action against a principal for acts done by an alleged agent, proof of the declarations of the latter is not admissible to show the agency.

2. Breach of Contract. *Evidence. Declaration of agent.*
   In an action for breach of a contract alleged to have been made by an agent it is incompetent to establish such breach by evidence of the declarations of the agent.

Appeal from the Circuit Court of De Soto County.

Hon. A. T. Roane, Judge.

On March 18, 1884, John T. Owens brought this action of assumpsit against the Memphis and Vicksburg Railroad Company. The plaintiff alleged in his declaration that on July 26, 1883, he entered into a contract with defendant to grade for it section 19 of its road-bed, such work to be done under the direction of a resident engineer of said defendant; that he (plaintiff) was proceeding to perform his part of the agreement, and had performed a part thereof, when defendant, without cause, took the work from him and thereby prevented him from fully performing his part of the agreement. The defendant denied ever having entered into any such contract with plaintiff.

John T. Owens having died pending the suit, the cause was revived in the name of his administrator, J. L. Cocke.

On the trial plaintiff introduced a contract to support the declaration purporting to have been signed for the defendant by one John T. Moore, as resident engineer. There was a conflict of evidence as to whether Moore was authorized to make a contract for defendant for construction of its road-bed. The court admitted the joint depositions of Cyrus F. and George T. Smith, which contained, among others, the following interrogatories and answers:

" 8. Q. Repeat what J. A. Moore said as to how Owens did this work and carried out this contract ?

" Ans. Moore stated that Owens did the best work that was done on his section, and was carrying out every agreement of his contract when Donnelly & Co. was put on this work.

" 9. Q. What did Moore say as to how Owens had been treated in this matter ?

" Ans. He said that the contract had been taken from Owens without cause, and that Owens had been badly treated.

" 10. Q. Did you hear Moore say that he was authorized both 'verbally and by letter, by Derrick, in charge of north division of road, to let the contract to Owens ?

" Ans. We did.

" 11. Q. Did you not know of his making other contracts on his (Moore's) work with other parties ?

" Ans. We did.

" 12. Q. At what time did the conversation take place with Moore in regard to work done by Owens ?

" Ans. During the time that Owens was fulfilling the contract and afterward."

The defendant excepted to interrogatories 8, 9, 10, and 11, and the answers thereto, but the exception was overruled by the court.

The jury returned a verdict in favor of the plaintiff for four hundred dollars, and from the judgment thereon the defendant appealed.

*Malone & Watson,* for the appellant.

The testimony objected to by appellant, a part of the deposition of Geo. and Cyrus Smith, was clearly incompetent—that part of it in which it is shown by declarations of Moore that he was the agent of the company having authority to let contracts for constructions of road—upon the ground that agency cannot be proved by the declarations of the alleged agent. See *Kinnare* v. *Gregory,* 55 Miss. 622.

The other declarations made by Moore were also incompetent because they were made after all transactions between Owens and the railroad company had closed, and consequently were not part of the *res gestæ,* and they could not have been competent on any other

ground. See *Forsee* v. *Alabama, etc.,* 63 Miss. 67; *Moore* v. *Chicago R. R.,* 59 Miss. 244; *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 698; *Dickenson* v. *Williams,* 50 Miss. 501; Morawetz on Private Corporations, § 540 a.

These statements of Moore were also incompetent upon other grounds, but we do not think it necessary to discuss the matter further.

Now, this evidence being incompetent and the court having allowed it to go to the jury over the objection of the defendant, was it such error as should cause this court to reverse the judgment? The rule is that a new trial will be granted where illegal testimony is admitted. The exceptions are that a new trial will not be granted when the verdict is clearly right on the whole record notwithstanding the admission of the illegal testimony, or when the evidence was of such a nature that it could have had no influence upon the minds of the jury. Where there is a doubt upon these points a new trial will be granted. *Barringer* v. *Nesbit,* 1 S. & M. 22.

A new trial will always be granted unless the court can say from the whole record that justice has been done, and that another trial must have the same result. *McMullen* v. *Mayo,* 8 S. & M. 303.

If the illegal testimony was HURTFUL TO THE DEFENDANT AND CALCULATED TO INFLUENCE THE JURY a new trial will be granted. *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 698 and 9.

*White & Witherspoon,* for the appellee.

Appellant assigns as error that the court erred in allowing the 8th, 9th, and 10th answers of Messrs. C. and G. Smith to go to the jury as evidence on the ground that it was hearsay and calculated to prejudice the jury.

If Moore was the agent of the company as resident engineer, which we think the proof clearly establishes, then his declarations are competent as evidence. The court did not admit the declarations of Moore in order that he might establish his own agency, but to show what people thought his authority was—to show that he was holding himself out to the world as the authorized agent of appellant, and that appellant in the face of all this ratified and con-

firmed his acts. There is proof to show that Moore made other contracts. 1 Par. on Cont. 41, 42.

The Messrs. Smith testified that Moore told them that Owens' work was the best on the line—that the company had treated him badly because they discharged him without any cause whatever. Now it was a question of fact for the jury as to whether Owens had been discharged without cause. Moore declared to Smith that he had been; then the expression, "treated badly," was the truth expressed in mild terms. To commit a breach of contract is to treat the party sustaining damages badly. If this be a truth then it is no more calculated to prejudice than any other truth.

We submit that this assigned error is not sufficient to reverse a verdict on.

Cooper, C. J., delivered the opinion of the court.

One of the principal points in controversy in this suit was whether Moore, the resident engineer, had authority to bind the appellant by the contract entered into with appellee's intestate. On this question there was a conflict of testimony, and it may be that the jury would have solved it in favor of defendant but for the admission of the deposition of the witnesses Smith, by which over the objections of the defendant the plaintiff was permitted to prove the declaration of Moore that he was agent and authorized to contract as such.

It is well settled that the fact of agency cannot be thus proved. *Kinnare* v. *Gregory*, 55 Miss. 615; *Snook* v. *Lord*, 56 N. Y. 605; *Whiting* v. *Lake*, 91 Pa. 349; *Reynolds* v. *Insurance Co.*, 36 Mich. 131.

It was also error to permit so much of the deposition of these witnesses to be read in evidence as related to the declarations of Moore that the intestate "had been badly treated" and discharged without cause, and that the work done by him was the best performed on the road. If these were relevant facts they should have been established by competent evidence and not by the mere statements of a third person. If it be conceded that Moore was the agent of the defendant and authorized to make the contract for

breach of which this suit is brought, it would be incompetent to establish the breach by his declarations. *Moore* v. *Railroad Co.,* 59 Miss. 244 ; *Dickenson* v. *Williams,* 50 Miss. 501 ; *McGowan* v. *Railroad Co.,* 62 Miss. 698 ; *Foster* v. *Railroad Co.,* 63 Miss. 67.

*The judgment is reversed and cause remanded.*