## OCTOBER TERM, 1888.

## COLORADO ELECTRIC CO. V. LUBBERS.

1. Plaintiff, a carpenter in defendant's employ, was sent by it to remove one of its electric lamps and connect the wires with the circuit. The evidence showed that the usual time for turning on the electric current was 4.30 P. M. on cloudy days, and 4.45 P. M. on clear days. Plaintiff testified that when he reached the lamp and began work it was barely 4.15 P. M., and that the day was clear; that he knew nothing about electric wires, the work assigned him being outside the scope of his employment; that, while handling the wires, the current was turned on and he received a shock, producing the injuries sued for. *Held*, that a nonsuit was properly refused; the questions of negligence and contributory negligence being for the jury.

2. The court charged that plaintiff had a right to believe that the electric current would not be turned on the wires earlier than usual; and if they believed that, on that day, the electric current was turned on earlier than usual, and plaintiff was injured in consequence, the company was guilty of negligence. *Held* no error.

3. Plaintiff was allowed to prove that, subsequent to the accident, defendant posted notices at its works warning all employees at work on its lines and circuits to quit such work at 4 o'clock, and not to continue the same without notifying the officers at the works. *Held*, that the admission of this evidence was erroneous.

*Appeal from District Court of Arapahoe County.*

CHARLES LUBBERS, the appellee, brought this action against the appellant, the Colorado Electric Company, a corporation, to recover for personal injuries alleged to have been sustained by him by reason of the negligence of said company, and obtained a judgment for $5,500 damages, and costs of suit, from which the appeal herein was taken. The answer denies the allegations of the complaint in the main, and charges the plaintiff with contributory negligence. At the time of the alleged injuries, to wit, in December, 1881, the defendant was engaged in supplying lights to the city of Denver and its

inhabitants by means of an electric fluid, generated by it in said city, and conveyed from its works, by elevated wires, to lamps, located in different parts of the city, used as burners. The plaintiff was in its employ. The evidence tends to show that he hired to it as a carpenter, to assist in taking care of its electric-light towers; that at half-past 3 o'clock, in the afternoon of December 17, 1881, he was sent by the superintendent of the company, from its works in said city, to remove one of these lamps, connect the wires with the circuit, and return with the lamp to the works; that at that season of the year the usual time for turning on the electric current was from thirty to forty-five minutes after 4 o'clock of each day,— the earlier period being used for dark or cloudy days, and the later for clear days; that the day in question was a clear day; that it was dangerous to handle the wires when charged with electricity; that the plaintiff was inexperienced in the work he was so ordered to do on that occasion, and that it was outside of the duties of his employment; that he was sent, from the works to the lamp, on foot, and the distance, as variously estimated by the witnesses, was from one and a fourth to two miles; that, with ordinary speed, from thirty-five to fifty minutes were required or would be consumed in going on foot from the works to the lamp, removing it from its place, and connecting the wires; that he proceeded at a "good gait, pretty fast," and was not delayed on the way, or in the performance of the work; that before starting on such errand the superintendent informed him that he would have time to do it before the electric current was turned on; that after taking down the lamp, and while engaged in connecting the wires, the electric current was turned on, and he was thereby shocked, and fell to the ground or pavement beneath, a distance of about twelve feet; that by means of the shock and fall he received serious and permanent injuries; that he was furnished with no tools or implements with which to do this work, and was given no instructions as to the manner of performing it;

that he knew at the time that it was dangerous to handle the wires when charged with electricity; that he did not then know what a "jumper" was,— a piece of wire used to cut off the electric current between two points on a circuit,— and had no knowledge of its use; that he used his hands to connect the wires, and while doing so the accident occurred; that he had no time-piece with him, and had made no observation as to the time of day, other than when he left the works, and that it was then half-past 3 o'clock in the afternoon; that the electric current was turned on earlier that afternoon than usual, and nearer to a quarter after than to half-past 4 o'clock, and that this accident occurred between such periods; that the effect of charging the wires of a circuit with electricity from the works was instantaneous throughout the circuit; and that when he took hold of the wires theretofore used to convey the fluid to the lamp which he had just removed, to connect such wires with the circuit, he was of the impression that the current would not be turned on before the usual time,— a quarter to 5 o'clock on a clear day,— and was satisfied that that time had not then arrived. The defendant introduced no testimony, but at the close of the plaintiff's evidence moved for a nonsuit, for two reasons: (1) that no negligence of the company had been proven; and (2) that the evidence showed contributory negligence on the part of the plaintiff. This motion was denied. After verdict the defendant moved for a new trial, and such motion was also denied. Exceptions were duly preserved by the defendant to the rulings upon said motions, and to the admission of certain testimony, as well as to certain instructions given by the court to the jury. The only instruction which is questioned in the argument of counsel is as follows: "The plaintiff had a right to believe and expect that on the day in question the electric current would not be turned on to the wires earlier than usual; and if you believe from the evidence that on that day the electric

current was turned on to the wires earlier than usual, and the plaintiff was injured in consequence thereof, then the company was guilty of negligence, and the plaintiff is entitled to recover."

Mr. E. O. Wolcott, for appellant.

Mr. Wm. B. Mills, for appellee.

De France, C. We are of the opinion that no error was committed by the court in overruling the motion for a nonsuit, or in giving the instruction complained of. The questions of negligence, and of contributory negligence, were questions of fact to be determined by the jury from the evidence in the case; and the instruction in question, when taken in connection with the testimony and the other instructions given, contains no error. The plaintiff was allowed to prove by the witness Geagan, over the objection of the defendant, that, subsequent to the accident complained of, the defendant put up certain hand-bills or placards at its works, warning all the employees engaged at work on its lines or circuits to quit such work at 4 o'clock, and to not continue the same without first notifying the officers at the works thereof. This was error, and we cannot say that the defendant was not prejudiced thereby. The liability of the defendant must be determined from what took place before and at the time of the accident. What it did afterwards, in the way of precaution, to avoid future accidents, should not be construed into an admission by it of a previous neglect of duty. *Morse v. Railway Co.* 30 Minn. 465, and cases there cited. For this error the judgment must be reversed.

Stallcup and Rising, CC., concur.

Per Curiam. For the reasons assigned in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*