UNION COAL CO. v. EDMAN.

1. PREVIOUS DECLARATIONS OF WITNESS AS EVIDENCE.— Where it is shown that a witness, not a party to the action, has made declarations out of court contrary to his sworn testimony, such previous declarations are admissible as affecting the credibility of the witness, but not as substantive evidence in the case.

2. EVIDENCE OF AGENCY.— The fact that a person represents himself in writing as the agent of another is of itself no evidence that he is such agent.

3. WHEN VERDICT SHOULD BE DIRECTED.— Where no evidence has been introduced tending to sustain a material and controverted averment of the complaint, in the absence of any motion for a nonsuit or other relief, it is error to refuse to direct a verdict in favor of defendant.

*Appeal from District Court of Arapahoe County.*

THIS was an action brought by Charles J. Edman, plaintiff below, to recover for personal injuries alleged to have been occasioned by the negligence of the defendant, the Union Coal Company. The injuries are alleged to have occurred by the explosion of a steam boiler in certain coal mines belonging to the defendant company while plaintiff was at work therein for said company. The plaintiff recovered a verdict and judgment. The defendant brings this appeal.

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. PATTERSON & THOMAS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The defendant's ownership of the mines, being averred in the complaint and not denied in the answer, must be taken as admitted. But the answer expressly denies that plaintiff was employed by defendant or that he received the alleged injury while engaged in and about defendant's work; and also denies that the mines were being worked or operated by the defendant in any manner at the time of the alleged injury.

A careful examination of the record fails to disclose any *substantive* evidence that the defendant, the Union Coal Company, was engaged in operating the mines at the time the plaintiff was injured. The evidence was practically all one way upon that issue.

Mr. King, who was superintending the operation of the mines at the time of the accident, testified, in substance, that he was employed by the Union Pacific Railway Company, and that the Union Pacific Company, not the Union Coal Company, was operating the mines at the time of the alleged injury.

The plaintiff himself testified that he was employed by Mr. King; that Mr. King was in charge of the mines as superintendent, and that the mines were called the "U. P. Mines." He gave no testimony to the contrary on this point.

Mr. Orahood, one of the attorneys for the defendant, was called and sworn as a witness for plaintiff; he testified to the effect that the mines were being operated by the Union Pacific Railway Company under a coal department, and not by the Union Coal Company.

The testimony of Mr. Stockton, an employee of the Union Pacific Railway Company as foreman boiler maker, tended to corroborate the other witnesses that the mines were operated by the Union Pacific Railway Company, and not by the defendant company. The tendency of Dr. De La Matyr's testimony was to the same effect. All the above-

named witnesses were sworn in behalf of plaintiff, and, in substance, the foregoing was all the evidence showing or tending to show by whom the mines were being operated at the time of the accident.

To overcome the effect of this proof, the plaintiff identified and introduced in evidence in connection with the testimony of Mr. King certain reports made by him as superintendent of the mines. The heading of most of these reports (not all of them) bore the name of the Union Coal Company. Mr. King explained that these were old blanks which he found when he came to the mines. These reports, though signed by Mr. King as superintendent, were not *substantive* evidence in favor of plaintiff in support of his averment that the mines were being operated by the defendant coal company. They were, at most, evidence affecting the credibility of the witness King. See 1 Greenleaf on Evidence, sec. 444 *et seq.;* also *Babcock v. The People,* 13 Colo. 519–521, and authorities there cited. The reports were nothing more than the unsworn declarations of the witness King; and, until there was proof of his authority or employment as the agent of the Union Coal Company, such declarations did not bind that company in any manner. That his agency could not be established by such reports alone, is a proposition requiring no discussion. The certificates of Mr. Stockton, as boiler inspector, stand upon the same footing, substantially, as the reports of Mr. King. *O. & G. S. & R. Co. v. Tabor,* 13 Colo. 46; *Scott v. Crane,* 1 Conn. 255–260; *M. & V. R. R. Co. v. Cooke,* 64 Miss. 713.

The issue as to the party actually operating the mines when the injury occurred was not a mere formal issue: it was material to the plaintiff's case and vital to the defendant's rights. Though the title of the mines was in the Union Coal Company, yet if that company was not concerned in the working of the mines at the time of the accident, it was not liable for plaintiff's injuries under the averments of the complaint, and could not justly be made to

bear the burden of the judgment for such injuries. Considering the state of the proof upon that issue at the close of the trial, in the absence of any motion for a nonsuit or other relief by either party, the court erred in refusing to direct a verdict in favor of defendant as requested by its counsel.

It is unnecessary to consider the remaining assignments of error. The judgment is reversed and the cause remanded.

*Reversed.*