ANSON, APPELLANT, v. EVANS, APPELLEE.

1. PRACTICE.

Where the immediate cause of an accident occasioning damages for which the suit is brought is fairly debatable upon the evidence, the question is one for the jury.

2. CONTRIBUTORY NEGLIGENCE.

Where the injuries complained of were sustained by reason of the breaking of ropes by which the plaintiff was suspended while cleaning the outside walls of a building, under an employment by defendant, it is error to refuse to instruct the jury that "if they believe from the evidence that the plaintiff had been instructed that the acid used for cleaning would eat the ropes, and the ropes were of sufficient strength when the plaintiff began work, and that the rope broke because of acid which the plaintiff got upon the same, then he cannot recover."

3. NEGLIGENCE—EVIDENCE.

Where the question of defendant's liability depended upon whether he had exercised the proper care in providing reasonably safe appliances for the service in which the plaintiff was engaged, the inquiry must be determined by his acts and conduct prior to the accident. His subsequent conduct cannot be shown for the purpose of establishing antecedent negligence.

4. EVIDENCE.

A declaration made out of court by a witness, not a party to the action, is inadmissible as evidence to establish a substantive fact.

*Appeal from the District Court of Arapahoe County.*

THIS action is brought to recover damages for personal injuries. The substantial averments of the complaint are that on the 27th day of August, 1889, and long prior thereto, plaintiff was engaged in the business of cleaning the outside walls of brick buildings in Denver. That defendant employed plaintiff as a common laborer in plaintiff's said business, and to work for him in cleaning the outside walls of a certain building. That such work was performed by means of a platform suspended by ropes outside of the building, the ropes being attached to the top of the building, and the platform raised or lowered by means of such ropes run upon

pulleys. That plaintiff, while engaged in cleaning said building, was on the platform, which was about forty feet above the street, when one of the ropes that sustained the platform suddenly broke, by means whereof plaintiff was precipitated upon and against the stone sidewalk below. That by such fall plaintiff was permanently and seriously injured. Alleges that the rope which sustained the platform upon which he was then working, while apparently sound and secure, was in fact unsound and rotten and insufficient to stand the weight required of it in the performance of said work. That by reason of said rotten and unsound condition the same broke and caused the injuries complained of. That defendant, carelessly, negligently and knowingly provided said rope, while knowing, or by the exercise of reasonable diligence should have known, the same to be rotten and unsound.

Defendant, answering, admits that he employed plaintiff for the purposes aforesaid. Alleges that the platform and ropes were, at the time of the accident, fully under the control of plaintiff and his co-employee; that the plaintiff had been fully informed as to the danger incident to carrying on said business, and of the use of certain acids used in the cleaning of said walls, and had been fully informed of the care and caution necessary in the handling of said ropes and materials, and the danger incident to working in said business. Denies that the rope which sustained the platform upon which plaintiff worked was unsound or rotten. Alleges that the rope which was furnished to plaintiff was sound and in good condition, sufficient and suitable for such work, and if the same was unsound in any place at the time of said injury such condition had been caused entirely by the carelessness and negligent acts of the plaintiff in the improper use and handling of the acid used in cleaning the walls. In a second defense alleges that the injury set forth was entirely and wholly occasioned by the contributory negligence of plaintiff. The cause was tried to a jury, and verdict rendered for $3,150. Motion for a new trial overruled and

judgment entered on the verdict.   The defendant brings the
case here on appeal.

Messrs. C. E. & F. HERRINGTON, for appellant.

Mr. W. W. DALE and Mr. G. I. CHITTENDEN, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

We are of the opinion that the court below committed no
error in refusing to take the case from the jury; that the evi-
dence presented a fairly debatable question as to the imme-
diate cause of the accident, and it being within the province
of the jury to decide that question of fact, we are not at lib-
erty to disturb its finding, and, upon this review, must accept
its conclusion that such cause was the breaking of the rope
that suspended the end of the platform upon which the plain-
tiff was standing at the time of the accident.   Whether the
rope broke by reason of a defect that existed at the time
plaintiff commenced work, or whether it was subsequently
weakened and rendered insufficient by his own act in negli-
gently spattering acid thereon while at work, was the fact
decisive of plaintiff's right to recover, and upon that ques-
tion the appellant prayed the following instruction.

"7th. If you find from the evidence that the plaintiff had
been instructed that the acid used for cleaning would eat the
ropes, and the ropes were of sufficient strength when the
plaintiff began work, and that the rope broke because of acid
which the plaintiff got upon the same, then he cannot recover."

This instruction was pertinent to the vital issue of fact in
the case and was specially applicable to the evidence intro-
duced upon that issue.   It was undisputed that plaintiff, at
the time of his employment, was expressly told that the
business was dangerous, owing to the fact that the muriatic
acid used in cleaning the walls would, if brought in contact
with the ropes, eat and rot them.   It was further testified by
defendant and the witness Hall, that the ropes were sound

and sufficient at the time plaintiff began work; and there was evidence tending to show that plaintiff had once or twice on the day of the accident carelessly spattered acid upon the rope. In view of this evidence, and of the testimony of plaintiff himself that the rope had been used by him during the day to its full length at least twenty times, we think it was eminently proper that the attention of the jury should have been specially directed to the consideration of the cause that rendered the rope unsafe.

Counsel for appellee seek to excuse the refusal to give the instructions upon the ground that the evidence was unsatisfactory and insufficient to establish the fact that acid in sufficient quantity to injure it got upon the rope. The sufficiency of the evidence was for the jury to determine.

Nor can we agree with counsel that the issue to which this request was directed was properly submitted to the jury by the court in its general charge. We are unable to find in the general charge an announcement of the principle expressed in the instruction prayed for, or any intimation that can be construed as its equivalent.

A further, and what we regard as a fatal error occurring on the trial of the case, was the refusal of the court to give the following instruction prayed by appellant:

" 11th. The fact that after the accident defendant used a new rope in continuing the work, cannot be used by the jury in determining whether defendant is liable to plaintiff."

Plaintiff was permitted, against objection, to introduce in evidence declarations of the witness Hall, made subsequent to the accident, to the effect that after the accident the ropes in use at the time it occurred were abandoned and new ropes substituted. Hall was the principal witness introduced on the part of defendant, and in his examination in chief testified that he knew the condition of the ropes when plaintiff began work, and that they were sound ropes. On cross-examination he was asked the following questions:

" *Q.* Did you not state to Mrs. Dietz at her house on Curtis street about November 1st, in the presence of Kate Ev-

ans, Mr. Jennings and the plaintiff, that it was an old rope?
A. No, sir; I did not, to them or anybody else."

To this question and answer counsel for defendant inter-
posed an objection which was overruled.

" Q. Did you not on that occasion state that they had
abandoned the use of that rope, and no longer used it imme-
diately after the accident?"

In overruling the objection to this question, the court
said: "It is for the jury to determine what this evidence
tends to prove."

"I never said nothing to them. Q. Did you not at the
same time and place say in substance that Anson had locked
the stable door after the horse was gone? A. No, sir."

In rebuttal the plaintiff introduced testimony as follows:
W. S. Jennings, witness for plaintiff.

"I heard the question to last witness as to the conversa-
tion at Mrs. Dietz's house. Q. Did not Hall state in that
conversation that it was an old rope?" (Objected to as in-
competent, immaterial, etc.) Objection overruled. "A. Yes,
sir; Mr. Hall made the remark that the rope was old.
Q. What, if anything, did Hall say in that same conversation
with reference to locking the stable door after the horse was
gone?" Over objection, witness answered: "A. He made
the statement, after horse was stolen it was customary to
lock the barn, or to that effect."

Kate Evans, sworn for plaintiff.

"I am plaintiff's sister. I remember Hall coming to
George's bedroom at Mrs. Dietz'. Q. State whether or not
at that time Hall said this rope was old?" Over objection,
witness answered: "A. He said it was old, and we have put
a new rope on; that after the horse was stolen the barn door
was locked."

George Evans, the plaintiff, testified to the same effect.
The only purpose for which this evidence could be admitted
(if at all) would be to impeach the witness Hall, and for
this purpose it may be that his statement outside of court
that the ropes were old and that new ones were substituted

after the accident, may have been admissible as being contradictory of his statement in chief. But from the remark of the court in overruling the objection to its admission, that "it is for the jury to determine what this evidence tends to prove," the jury might well infer that they were to consider it as substantive evidence in the case, and as proof of the fact that new ropes were substituted by the defendant after the accident. In this view the evidence was objectionable for two reasons: First, because the declaration made out of court by a witness, not a party to the action, is inadmissible as evidence to establish a substantive fact. *Union Coal Co. v. Edman*, 16 Colo. 438. Second, it was not permissible on the trial of this action to show that defendant supplied new ropes after the accident. The question of defendant's liability depended upon whether he had exercised the proper care in providing reasonably safe appliances for the service in which plaintiff was engaged, and that inquiry must be determined by his acts and conduct prior to the accident. What he did afterwards could throw no light upon that question, and it was error to admit evidence of what he did to guard against future accidents. This principle is grounded in reason and sustained by the great weight of authority. *Colo. Electric Co. v. Lubbers*, 11 Colo. 505; *Morse v. Minneapolis & St. Louis Ry. Co.*, 30 Minn. 465; *Nalley v. Hartford Carpet Co.*, 51 Conn. 524; *Shinners v. Proprietors of Locks & Canals, etc.*, 154 Mass. 168; *Corcoran v. Peekskill*, 108 N. Y. 151; *Getty v. Town of Hamlin*, 127 N. Y. 636; *Alcorn v. C. & A. Ry. Co.*, 108 Mo. 81; *Terre Haute & Ind. Ry. Co. v. Clem*, 123 Ind. 15; *Lowe v. Elliott*, 109 N. C. 581; *Cramer v. The City of Burlington*, 45 Ia. 627.

It having been brought to the knowledge of the jury that defendant substituted new ropes after the accident, the appellant was entitled to have that fact withdrawn from their consideration, and the court erred in refusing to give this instruction.

We think there is much force in appellant's criticism of the instruction given as to the measure of damages, in so far

as it permitted the jury to consider the time lost by plaintiff during his sickness, and to consider the effect of the injury upon his ability to labor, under the evidence introduced. The plaintiff would not have the right to recover for the portion of time that elapsed after the accident and until he attained his majority; and there was no evidence of his ability to labor upon which the jury could estimate the loss that he may suffer by reason of the impairment of his ability to labor in the future.

It is not necessary for us to determine whether the instruction in this respect would constitute reversible error, as the case must be reversed upon the other grounds noticed, but we deem it of sufficient importance to call attention to this assignment of error in case another trial should be had.

For the reasons given the judgment is reversed, and the cause remanded for a new trial.

*Reversed.*