[No. 4469. Decided April 29, 1903.]

THOMAS J. CLARK, *Respondent*, v. GREAT NORTHERN RAILWAY COMPANY *et al., Appellants.*

CARRIERS — EJECTING PASSENGER — BREACH OF CONTRACT — TORTIOUS ACTS — MISJOINDER OF CAUSES — DEMURRER.

In an action against a railway company and its conductor for the ejection of a passenger from a train, the complaint is demurrable for misjoinder of causes of action, when one cause is founded upon the alleged breach of contract of carriage and another cause is founded on the acts of the conductor and other employees in bruising and mutilating plaintiff in ejecting him from the train with unnecessary force and violence.

SAME — PARTIES.

Where the conductor on a railway train, acting as agent for the company, refuses to comply with the terms of the contract of carriage held by a passenger, the company, and not the agent, is liable for the breach, and therefore his joinder as defendant would subject the complaint to demurrer.

SAME — NONSUIT AS TO ONE CAUSE — ELIMINATION OF EVIDENCE IN SUBMITTING REMAINING CAUSE TO JURY.

In an action for damages for ejecting a passenger who was attempting to ride upon a scalper's ticket in which the complaint set up as causes of action the breach of contract of carriage and the tortious acts of the company's employees in forcibly ejecting plaintiff, and, after the evidence was in, the plaintiff was nonsuited as to the first cause of action, in support of which evidence had been admitted tending to show that the company had waived the conditions against transfer of tickets from the original purchaser, had encouraged the scalping of tickets, and had recognized them on its trains, it was error for the court to refuse to instruct the jury to disregard such evidence, since it was immaterial on the only issue remaining—the question of whether more

force than was necessary had been used in putting plaintiff off the train.

Appeal from Superior Court, Spokane County.—Hon. A. G. KELLAM, Judge *pro tem.* Reversed.

*Will H. Thompson, M. J. Gordon* and *W. W. Hindman,* for appellants.

*Barnes & Latimer,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—On November 11, 1900, the respondent purchased what is commonly known as a "scalper's" railway ticket from a broker in Spokane. This ticket had been issued by the Great Northern Railway Company in West Superior, Wisconsin, to one I. Norwick, for passage to Spokane, and return. Mrs. Norwick had used the ticket in coming to Spokane, where she sold it to a broker, who sold it to the respondent. Respondent, on the date named, got upon appellant's train at Spokane, bound for St. Paul, Minnesota. After the train had gone two or three miles out of Spokane on its easterly trip, the respondent presented the ticket to a ticket collector on the train. The ticket collector refused to receive the ticket on the ground that it was not good for respondent's passage. Respondent refused to leave the train or pay his fare. Whereupon the conductor, who is made a defendant in this case, ordered him off the train at Hilliard, being the next station east of Spokane. Respondent refused to go, and stubbornly held on to the seat of the car, so that the conductor could not put him off. The conductor thereupon called to his assistance three other employees of the railway company, who by force ejected the plaintiff from the train. In some way, when plaintiff was put off, he either fell or was thrown to the platform, and was injured. He brought

this action to recover damages for injuries sustained by reason of his ejectment from the train. Upon a trial the jury returned a verdict in his favor. From á judgment entered thereon the defendants appeal.

Appellants allege that the court erred in overruling the demurrer to the complaint, in refusing to give an instruction requested by the defendants, in permitting counsel for respondent to make certain comments in addressing the jury, and in denying the motion for a new trial. It will be necessary to consider only the first two errors assigned. The complaint sets out two causes of action. The first cause is predicated upon an alleged contract between the railway company and respondent. The third paragraph of the complaint is as follows:

"That on the 11th day of November, A. D. 1900, plaintiff, then being in the city of Spokane, in the state of Washington, and desiring and intending to go to the city of St. Paul, in the state of Minnesota, for that purpose did purchase and become the owner of one passenger ticket issued by the defendant railway company upon and over its said line of railway from the said city of Spokane to West Superior in the state of Wisconsin, by way of said city of St. Paul, and entitling plaintiff as the owner and holder thereof to passage and transportation as a passenger in the cars and upon the regular passenger trains of the defendant railway company, operated by it upon and over its said line of railway from the said city of Spokane to the said city of St. Paul, and on said day, plaintiff being the owner and having in his possession said railway passenger ticket, went upon one of the regular passenger trains of defendant railway company as a passenger at its depot in the said city of Spokane and entered one of the cars of said passenger train, and being operated by defendant railway company upon and over its said line of railway between said city of Spokane and said city of St. Paul, and then about leaving the said city of Spokane

for and on its way to the said city of St. Paul, for the purpose of being transported as such passenger by the defendant railway company upon said train from the said city of Spokane to the said city of St. Paul, and then and there became and was a passenger on said train. That it then and there became and was the duty of the defendant railway company and its agents and servants on said train to receive and safely transport plaintiff as such passenger on said train over its said line of railway, from said city of Spokane to said city of St. Paul."

The complaint then proceeds to set out that the conductor wrongfully and unlawfully refused to receive the ticket, and demanded that respondent pay his fare, and, upon the refusal of respondent to do so, the conductor and other agents of appellant wrongfully ejected the respondent from the train. Then follows a description of the manner of the ejectment, and the injuries which respondent suffered, and the indignities, shame, and disgrace to the respondent. Damages are claimed in the sum of $15,000. The second cause of action alleges, in substance, that the respondent purchased a ticket which in good faith he believed entitled him to be carried on appellant's train from Spokane to West Superior, Wisconsin; that he went upon appellant's train at Spokane; whereupon defendant Willerton and other agents of appellant company refused to accept said ticket, but demanded fare from respondent, or that he leave the train, which demand respondent refused to comply with, believing in good faith that the ticket was valid, and entitled him to be carried as a passenger; that appellant Willerton and other agents of appellant company, then and there acting under instructions of appellant company, unnecessarily and with excessive force and violence ejected respondent from said train and wantonly, unlawfully, and recklessly did beat, bruise, and mutilate respondent. Then follows a description of the injuries

inflicted upon respondent, substantially the same as in the first cause of action, and demand for damages in the sum of $15,000. The prayer of the complaint is for $40,000, being $15,000 for each of the causes of action and $10,-000 exemplary damages. The appellant interposed a demurrer to the complaint upon the following grounds: (1) Defect of parties defendant; (2) improperly uniting several causes of action; (3) insufficiency of facts to constitute a cause of action. We think this demurrer should have been sustained upon the second ground stated. It is readily seen that the first cause of action is based upon a violation of contract of carriage; that the second cause is based upon the alleged tort of the company and its agent Willerton in removing respondent from the train, using excessive force and violence therein. The statute regulating the joinder of causes of action in this state (§ 4942, Bal. Code) is as follows:

"The plaintiff may unite several causes of action in the same complaint, when they arise out of,—(1) Contract, express or implied; or (2) injuries, with or without force, to the person; . . . But the causes of action so united must affect all the parties to the action, and not require different places of trial, and must be separately stated."

This statute does not authorize the joinder of causes *ex contractu* with causes *ex delicto* in the same complaint. *Magee v. Oregon Ry. & Nav. Co.,* 46 Fed. 735. It merely authorizes the joinder of causes of like character; that is, any number of causes upon contract may be united in one complaint when the parties and the places of trial are the same. So also any number of causes of action for injuries with or without force, where the parties and places of trial are the same, may be united in one complaint. But actions on contract cannot be united with actions in tort. 3 Thompson, Commentaries on Negligence, § 3263; 15 Enc. Pl. &

Pr., p. 1124; 2 Fetter, Carriers, §§422, 425; *Boylan v. Hot Springs R. R. Co.,* 132 U. S. 146 (10 Sup. Ct. 50).

Again, the appellant Willerton was not a proper party to the first cause of action. If the respondent had a contract of carriage with the railway company, and Willerton, acting as agent for the appellant, had violated the agreement by refusing to comply with the terms of the contract, the appellant railway company was alone responsible for the damage caused thereby. The agent, not being a party to the contract, was not liable for the performance or non-performance of it. For this reason also the causes were improperly united. The demurrer should, therefore, have been sustained.

When the cause came on for trial before a jury, after the plaintiff had introduced his evidence, the defendants moved for a nonsuit as to the first cause of action. This motion was properly granted, and that cause of action withdrawn from the consideration of the jury. During the progress of the plaintiff's case a great deal of evidence had been introduced for the purpose of showing that the ticket purchased by plaintiff of a broker was a valid ticket, and that the company had waived the conditions contained in it against transfer from the original purchaser, had encouraged the scalping of such tickets, and had recognized them on its trains. After the first cause of action was withdrawn from the consideration of the jury, the defendants did not go into this branch of the evidence, but at the close of all the evidence requested the court to give the following instruction to the jury:

"Gentlemen of the jury. During the trial the court permitted the plaintiff to introduce evidence for the purpose of showing that the defendant railway company had waived any or all of the stipulations or conditions contained in the ticket or agreement for transportation, re-

serving at the time decision upon the legal question whether the evidence so introduced would be sufficient to go to the jury upon that question. And the court here now instructs you as a matter of law, to disregard and not consider such evidence; and further instructs you that the ticket received in evidence did not entitle the plaintiff to be carried or transported upon its train."

The court instructed the jury that the plaintiff was not entitled to ride upon the ticket introduced in evidence, but refused all the rest of the instruction requested. After the court had eliminated the first cause of action, and instructed the jury that the plaintiff was not entitled to ride upon the ticket which was offered in evidence, it should also have given the whole of the requested instruction. The evidence relating to the waiver of the conditions of the ticket and to the custom of the railway company to receive such tickets became entirely immaterial, and the jury should have been told specifically not to consider evidence relating thereto. When evidence is received juries are very apt to regard it as material to the cause in some way, and give it consideration, unless directed otherwise. This evidence had been received over appellant's objection. The cause of action to which it related had been eliminated from the case, but the jury were not told that they might not consider it. They were, therefore, privileged to believe that it had some bearing upon the issues submitted to them. Counsel for respondent now argue that such evidence was admissible to show the good faith of respondent in going upon the train. This contention would be correct if there were any issue as to the good faith of respondent at that time. When respondent was informed, after he had gone upon the train, that the ticket was not good for his passage and that he must pay his fare or get off, his good faith when he went on the train became en-

tirely immaterial, and was no excuse for him to unlawfully remain there. The only question submitted to the jury, aside from the question of damages, was whether the conductor, Willerton, used more force than was necessary to put plaintiff off the train. The evidence relating to the waiver of the conditions of the ticket had nothing whatever to do in determining that issue. It served only to obscure the issue and confuse the jury. The court should have expressly told the jury not to consider it. *Richardson v. Carbon Hill Coal Co.*, 10 Wash. 648 (39 Pac. 95); Thompson, Trials, § 2415; Jones, Evidence, § 898; *Anson v. Evans*, 19 Colo. 274 (35 Pac. 47); *McDermott v Hannibal & St. J. Ry. Co.*, 87 Mo. 285.

For these reasons the cause is reversed, and remanded for further proceedings in accordance with this opinion.

FULLERTON, C. J., and DUNBAR, HADLEY and ANDERS, JJ., concur.