DON C. ELDER, Appellee, v. HENRY MAUDLIN et al., Appellants.

No. 41121.

DECEMBER 17, 1931.

Hallagan, Fountain & Stewart, for appellants Henry Maudlin and Fred Burgess.

Boardman & Cartwright and Roy Pell, for appellant Bert Alexander.

Cross & Hamill, for appellee.

GRIMM, J.—In December, 1930, the plaintiff filed his petition at law in the District Court of Marshall County, Iowa, asking damages in the sum of $25,000.00 for personal injuries.

It appears that the plaintiff, who was the County Engineer in the service of Marshall County, Iowa, was injured on a highway then being improved in Marshall County. The defendant Burgess, who was the driver of a truck owned by the defendant Maudlin, backed the truck on the work on the highway in such a way as to injure the plaintiff. The defendant Alexander was the contractor who had a contract with Marshall County to make the road improvement. Burgess and Maudlin were residents of Story County, and Alexander was a resident of Marshall County.

The original petition seeks to recover from Burgess because of alleged negligence as the driver of the auto truck and against the defendant Maudlin under statutory liability as the owner of said truck. Recovery is sought against Alexander as the master of the driver, Burgess. Later the plaintiff filed an amendment to the petition, which amendment is in two counts. It alleges that the contract under which Alexander was doing the road work was a written one, and that at the time of the injury, Burgess was hauling gravel pursuant to and as provided in the contract between the defendant Alexander and Marshall County. There is attached to the amendment the contract and also the standard specifications for road building which were a part of the contract. Neither Burgess nor Maudlin was a party to the written contract with the county.

By various motions, the defendants sought to have the amendment stricken from the record upon the ground that it created a misjoinder of causes of action and of parties defendant. Said Section 39 of the Specifications is as follows:

"39. Responsibility for Accidents or Damage Claims. The contractor shall assume all responsibility for damages sustained

by persons or property due to the carrying on of his work. He shall indemnify and save harmless the state and county and all of their officers or agents from all suits, actions, or claims of any character brought for or on account of any injuries or damages sustained by any person or property by or from the said contractor, or in consequence of any neglect in safeguarding the work, or on account of any acts or omissions, neglect or misconduct of the said contractor. The contractor, under these specifications, shall carry liability insurance to indemnify the public for injuries sustained by reason of the carrying on of his work, and to meet the requirements of the Iowa Workmen's Compensation Law. Responsibility of the contractor for all damages or injuries to the traveling public on any portion of the road shall not be released until the work on such portions has been approved by the engineer. 'Approval by the engineer' shall be construed to mean a written statement from him to the effect that the contractor may cease to maintain barriers and red lights as required, and that the road may be opened to traffic, and that the contractor is relieved from further maintenance of that portion of the road. Such 'Approval by the engineer' shall not in any way be construed as an acceptance of the road.''

Section 10960 of the Code of 1927 reads as follows:

''10960. When permitted. Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition.''

█ We do not here pass upon any question concerning what liability, if any, arises under said Section 39 of the Specifications, as against Alexander. Assuming, although not deciding, that said Section 39 creates a liability against Alexander under the facts in this case, the question is whether a suit against Burgess and Maudlin, residents of Story County, sounding in tort, and an action against Alexander, based upon contract, may be brought in one action. The appellee relies mainly upon the case of Knott v. Dubuque & Sioux City Railway Company, 84 Iowa 462. The Knott case, supra, has been thoroughly analyzed by this court in the case of Aplin v. Smith, 197 Iowa 388. In the Aplin case, the action was against the alleged wrongdoer

upon a tort and against the surety company on its contract to indemnify the wrongdoer from loss because of such tort. Much of what is said in the Aplin case concerning the Knott case is applicable to the case at bar.

It will be noted that in the Knott case, the plaintiff was an employee of the Cherokee & Dakota Railway Company, and as such employee was injured in the line of duty. After the injury, the Dubuque & Sioux City Railway Company purchased the Cherokee Railway Company and assumed all the liabilities and obligations of the said Cherokee & Dakota Railway Company.

This court said in the Aplin case, distinguishing it from the Knott case:

"The Knott case is distinguished in its facts from the case at bar in several particulars. In that case, appellant was the purchaser of and successor to the Cherokee & Dakota Railway Company, which had, as a part of the consideration for the purchase thereof, assumed and agreed to pay its liabilities. The cause of action had already arisen, and certainly there could be no practical objection to having it adjudicated in one action. * * * No such relation exists between the appellees, who are the wrongdoers, and appellant. The contract of insurance is a contract of indemnity, and the liability arising thereunder is such as usually arises out of a contract of indemnity, which is in its very nature distinguishable from an existing liability assumed by a third party. Plaintiff's cause of action arose after the contract of indemnity was executed. * * * To hold, under the evidence and circumstances of this case, that the action can be maintained jointly against the wrongdoer upon the tort, and against appellant upon its contract of indemnity, would involve a violation of the statute and a conflict with our prior decisions."

In the case at bar, the two causes of action are not between the same parties, and are not in the same right and do not have the same venue. As against Burgess and Maudlin, the action sounds in tort. Burgess and Maudlin are residents of Story County. As against Alexander, the liability, if any, according to the allegation of the amendment in the petition, is based upon the contract which Alexander had with Marshall County, and Alexander is a resident of Marshall County. Moreover, when the contract was made between Alexander and Marshall County, the contract liability sought here to be enforced had not arisen

Alexander cannot be said to have assumed, by his contract with Marshall County, any then existing liability. It is true that a cause of action arising from tort may be joined with one arising on contract if they are between the same parties and in the same right and have the same venue. See Aplin v. Smith, 197 Iowa 388, 1. c. 392. In the same case, however, is the following:

"To hold under the evidence and circumstances of this case, that the action can be maintained jointly against the wrongdoer upon the tort, and against appellant upon its contract of indemnity, would involve a violation of the statute and a conflict with our prior decisions."

Section 39 of the Specifications hereinbefore quoted manifestly has no relation whatever to anything in the way of damages existing at the time the contract was made. It pertains entirely to the future. It contains these words: "He (the contractor) shall indemnify and save harmless the state and county and all of their officers or agents," etc. Said Section 39 also provides that the contractor shall carry liability insurance to indemnify the public.

The liability, if any, of Alexander, based upon said Section 39, is one of contract. Maudlin and Burgess were not parties to said contract. Under the circumstances, the two causes cannot be prosecuted in the same action. The motion to strike the amendment to the petition, so far as the same pertains to said Section 39 of the Specifications in the contract, should have been sustained.

II. The original petition in this case is drawn upon the basis of *respondeat superior*. It contains several allegations to the effect that Alexander, as well as Maudlin and Burgess, was guilty of negligence in connection with the operation of the truck.

It is alleged in the petition in substance that, at the time and place of the injury, the driver was under the supervision, direction, and control of the defendant Alexander. It is alleged in substance that all three of the defendants knew the conditions under which the truck was being operated at the time of the injury. Under these allegations in the petition, the motions to

strike the names of the various parties defendant were properly overruled.—Modified and affirmed.

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.