[No. 26443. Department Two. December 20, 1937.]

WILLIAM P. WILLIAMS *et al., Appellants,* v. BEN A. MASLAN *et al., Respondents.*[1]

*P. L. Pendleton* and *W. G. Palmer,* for appellants.

*Ballinger, Hutson & Boldt,* for respondents Bannick *et al.*

ROBINSON, J.—This case was brought here piecemeal, and, there being no less than five supplemental transcripts, the record is extraordinarily confusing.

■ Errors are assigned with reference to rulings as to some of the early complaints in the action, particularly the second amended complaint, but such errors, if any, were waived by the filing of subsequent

[1]Reported in 74 P. (2d) 217.

pleadings. *Noble v. Martin,* 191 Wash. 39, 70 P. (2d) 1064, and cases therein cited.

The only question properly presented is whether or not the court erred in sustaining the demurrer to the fourth amended complaint and in entering judgment dismissing the action upon the refusal of the plaintiffs to further plead.

To the fourth amended complaint, five of the defendants, four deputy sheriffs and a deputy prosecuting attorney, all of King county, filed a joint demurrer. The demurrer of all five of these defendants was sustained, upon the ground that two causes of action had been improperly united, and the demurrer of the deputy prosecuting attorney upon the additional ground that the complaint did not, as to him, state facts sufficient to constitute a cause of action. The plaintiffs refusing to plead further, the action was dismissed as to these defendants on July 11, 1936. Plaintiffs gave notice of appeal on July 22nd, and that appeal was subsequently dismissed by this court upon the motion of those five defendants.

Defendant Bannick, sheriff of King county at the time the acts complained of occurred, and United Pacific Casualty Insurance Company, surety on his bond, also demurred to the fourth amended complaint on all statutory grounds on July 6th, but their demurrer did not come on for hearing until October 2nd, at which time another judge of the superior court of King county ruled that two causes of action were being improperly prosecuted in the same complaint, and, the plaintiffs thereupon refusing to plead further, an order was entered dismissing these defendants. This is the order from which the present appeal is taken.

The words "fourth amended complaint," used to designate the pleading which was under attack, constitute a misnomer. It should be designated "fourth

amended complaints," for the pleading is, in fact, composed of two entirely distinct and independent complaints, one following the other under the caption "William P. Williams and E. G. Owens, Plaintiffs, v. Ben A. Maslan et al., Defendants." After the caption, the pleading begins:

"Comes now the plaintiff William P. Williams . . . and files this his fourth amended complaint and for cause of action against the defendant alleges: . . ."

Then follow allegations in which Williams sets up that he is a constable of Happy Valley precinct, King county, Washington; that the four deputy sheriffs named as defendants, through concerted action and by reason of their wilful, wrongful, and unlawful desire to imprison Williams, and because they were wrongfully ordered by the defendant deputy prosecuting attorney to arrest Williams, did arrest him on April 24, 1934, for the purpose of carrying out a conspiracy, which was to imprison the plaintiff because of his prior and constant seizure of slot machines used as gambling devices outside the precinct of Happy Valley and within the precinct of Seattle. One of the deputy sheriffs, Sears, pushed and pulled him by the arm for a distance of ten feet; the three other deputies touched and laid hands on the plaintiff and helped Sears imprison him by opening the jail doors and seeing the plaintiff through them and by turning the lock on him, over his protest, all without a warrant; and plaintiff was held incommunicado in the county jail for two days and suffered damages through the wrongful acts of the defendants in the sum of $12,785.

It is then alleged that Bannick was the sheriff at the time, and that, by virtue of that fact, he is responsible for the damage caused by his deputies, and a judgment is prayed against all of the defendants, other than the surety, for $12,785, and against the

surety for $5,000, that being the extent of its penalty on the bond. The prayer for relief is followed by the signatures of the attorneys for the plaintiff, and the pleading continues:

"Comes now the plaintiff E. G. Owens . . . and for cause of action against the defendants alleges: . . ."

Here follows a set of allegations like the allegations in the complaint of Williams, charging the same defendants with having done the same unlawful acts to Owens, a constable of Oak Lake precinct, King county, Washington.

These two complaints are wholly independent of each other. Owens is not mentioned in the Williams complaint and Williams is not mentioned in the Owens complaint. It is impossible to conceive how any evidence which would be material to prove the allegations in Williams complaint would be material in proving any allegations in Owens complaint, and it is equally impossible to see how any evidence which would be material in proving the allegations in Owens complaint would be material in proving any allegations in Williams complaint, for it is not alleged that Williams and Owens were arrested at the same time and place, or any allegation whatever that the arrests constituted one transaction or a series of transactions. No fact is alleged from which it may be inferred that Williams and Owens ever saw each other.

The appellants attempt to justify the hitching of these two complaints together in one pleading and their insistence upon trying them at the same time before the same court or jury by citing Rule II of Rules of Practice adopted by the supreme court pursuant to Rem. Rev. Stat., § 13-1 [P. C. § 8676-1]. This rule constitutes Rem. Rev. Stat., §308-2 [P. C. § 8676-5], which reads, in part, as follows:

"All persons may be joined in one action, as plaintiffs, in whom any right to relief in respect of, or arising out of, the same transaction or series of transactions, is alleged to exist, whether jointly, severally or in the alternative, where, if such persons brought separate actions, any common question of law or fact would arise; . . ."

This, in the first place, is obviously a rule governing only the joinder of parties plaintiff in the same action. When a question arises as to whether there has been a proper joinder of plaintiffs, the acid test under this rule is: Does their right to relief arise out of the same transaction or a series of transactions? If their right to relief does not arise out of the same transaction or a series of transactions, the rule furnishes no warrant for joinder.

The purpose of the rule is to avoid multiplicity of actions. Suppose, for example, that A and B are riding in an automobile and they are both injured in a collision which they conceive was caused by the negligence of C. A and B can join as plaintiffs in an action against C, even though they ask for several relief. Their right to relief arises out of the same transaction. The right of each to recover depends upon the same set of facts. Evidence as to the negligence of C inures to the benefit of each of the plaintiffs and tends to establish his right to the relief he demands. But suppose that C, in driving from Tacoma to Olympia at an unlawful speed, has a collision in South Tacoma in which he injures A, and on the same trip he collides with B in the outskirts of Olympia and injures him. A and B cannot join as plaintiffs and sue C in the same action. Their rights to relief do not arise out of the same transaction, but merely out of similar transactions, and are wholly independent. Evidence tending to support the complaint of B would in no way tend to support the complaint of A, and *vice versa.*

That is the condition in the case at bar. The plaintiffs are attempting to try two wholly independent actions in the same suit.

This cause was argued in this court on June 10, 1937. We find in the record a written motion filed therein on June 9th, which reads as follows:

"COMES now the appellant E. G. Owens, individually and by his attorneys of record, P. L. Pendleton and W. G. Palmer, and moves the Court for an order or judgment withdrawing his appeal herein, and voluntarily asks and consents that such action automatically dismiss with prejudice and drop said appellant here, as a party plaintiff in the lower court, leaving William P. Williams the only party appellant here, and the only party plaintiff in the lower Court. This motion is the alternative in the event Rule II does not apply to actions in false arrest and imprisonment.

"Dated the 7th day of June, 1937."

Attached to this motion is a very brief statement of counsel for the appellants to the effect that they supposed counsel for respondents can have no objection to the granting of the motion or to the court's granting it on its own motion, and that they, therefore, do not note the motion for argument.

We are not sure that we understand the theory of the motion. We assume that it is based upon subd. 3 of Rule II. This subdivision reads as follows:

"No action or proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require."

This, however, as we have already seen, is not a case of a mere misjoinder of parties to an action, but a case where two plaintiffs insisted that they were entitled to unite their separate and distinct actions under the form of one and try them together in the

same suit before the same court or jury. One of the judges of the superior court of King county held, in sustaining the demurrer of five of the defendants, that this could not be done. When the same question came up again before another judge on the demurrer of respondents here, he made the same ruling. That was the appropriate time for one or the other of the plaintiffs to withdraw his complaint. Instead of taking that action, they jointly announced to the court that they would stand on their pleading and not plead further; that is to say, that they would try the lawsuit as pleaded in the so-called fourth amended complaint or not at all. The trial judge took them at their word, and dismissed the action. It was, clearly, the only course he could pursue under the circumstances.

The judgment of dismissal is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.