[No. 27880. Department One. May 29, 1940.]

THE BANK OF CALIFORNIA, N. A., *Respondent,* v. AMERICAN FRUIT GROWERS, INC., *et al., Appellants,* COLUMBIA AGRICULTURAL CREDIT CORPORATION *et al., Defendants.*[1]

[1]Reported in 103 P. (2d) 27.

*Kerr, McCord & Carey, Stephen V. Carey,* and *J. L. Collins,* for appellants.

*Bogle, Bogle & Gates, Ray Dumett, Warren Brown, Jr.,* and *Crollard & O'Connor,* for respondent.

SIMPSON, J.—Plaintiff instituted this action for the purpose of recovering a sum of money due upon a promissory note signed by the Columbia Agricultural Credit Corporation as maker, and for recovery of damages from defendants because of their conversion of fruit covered by mortgages in favor of the Columbia Agricultural Credit Corporation which had been assigned to plaintiff as security for the payment of the note.

The pertinent portions of the complaint are:

"II

"That the defendants American Fruit Growers, Inc., a corporation, Columbia Agricultural Credit Corporation, a corporation, and Northwest Fruit Exchange, a corporation, are all corporations doing business in Chelan county, state of Washington; that the defendants Myron Foster and Jane Doe Foster, his wife, are now and at all times herein mentioned have been husband and wife and residents of Chelan county, state of Washington.

"III

"That the corporate defendants are now and at all times herein mentioned have been affiliated companies. That the business of all of said companies in Chelan county and eastern Washington has been at all times herein mentioned and is now managed by and under the domination and control of the defendant Myron Foster. That on or about the 19th day of April, 1938 the defendant Columbia Agricultural Credit Corporation made, executed and delivered its certain promissory note . . . [A copy of the note payable on de-

mand in the sum of $106,941.74 was here set out in the complaint.]"

Paragraph IV alleged a balance due of $73,118.92.

"V

"That for the purpose of securing the indebtedness which is now evidenced by the above note, the defendant Columbia Agricultural Credit Corporation assigned, transferred and delivered to the plaintiff notes, secured by chattel mortgages upon crops, which mortgages were executed and delivered by the various mortgagors hereinafter set forth and which mortgages were owned by Columbia Agricultural Credit Corporation at the time of the assignment thereof to the plaintiff. [Here followed a list of the notes and mortgages, together with an allegation that the mortgages were duly filed for record.]"

Paragraph VI contained a description of the mortgages.

"VII

"That the defendants, between the end of the 1937 growing season and the date of the commencement of this action, with full knowledge of the existence of said mortgages, took possession and control of the crops covered by said mortgages. That thereafter the defendants, American Fruit Growers, Inc., Northwest Fruit Exchange, Columbia Agricultural Credit Corporation, and Myron Foster, without the consent or permission of the plaintiff, sold said mortgaged apples and fruit and converted the proceeds to their own uses, and that the said defendants still retain the same. That the defendants have failed and refused to account to the plaintiff for the mortgaged apples and have failed and refused to account and pay the plaintiff the proceeds resulting therefrom. That at the time of the sale of said apples and fruits by the defendants the market value thereof was not less than the sale price.

"VIII

"That the plaintiff does not have knowledge as to the exact amount of apples and fruit of each particular grower which was converted, appropriated and taken

by the defendants and does not have the amount of the proceeds resulting from the sale of each grower's crop, although demand has been made upon the defendants for said information. That plaintiff is informed and believes that the amount realized from the sale in each instance, and the fair market value of the apples sold, however, was and is more than sufficient to retire and pay the balance due to the plaintiff bank upon the respective mortgages held by it."

Paragraph IX contained an allegation relative to attorneys' fees.

Plaintiff demanded judgment against defendant Columbia Agricultural Credit Corporation in the sum of $73,118.93, with interest and attorneys' fees. It asked that the remaining defendants be required to account to plaintiff for all mortgaged property sold and disposed of by them, and that plaintiff have judgment for all amounts found due and owing upon the accounting.

In a supplemental complaint, plaintiff admitted certain additional payments on the note, which reduced the balance due to $65,521.30.

Defendants, other than the Columbia Agricultural Credit Corporation, demurred to the complaint upon the grounds (1) that several causes of action had been improperly united; (2) that the complaint does not state facts sufficient to constitute a cause of action against said defendants or either of them. The demurrers were overruled.

The answer of the Columbia Agricultural Credit Corporation admitted the making of the note and denied the other allegations of the complaint.

The answers of the American Fruit Growers, Inc., and Northwest Fruit Exchange admitted the making of the note, denied the alleged conversion of fruit, and set up affirmative defenses which it is unnecessary to mention.

The case, tried to a jury, resulted in a verdict in favor of plaintiff and against the Columbia Agricultural Credit Corporation in the sum of $65,521.30, together with interest and attorneys' fees in the sum of $2,750, and against the American Fruit Growers, Inc., and the Northwest Fruit Exchange in the sum of $65,521.30.

Motion for judgment notwithstanding the verdict and in the alternative for a new trial was made and denied. The court entered judgment upon the verdicts, from which American Fruit Growers, Inc., and Northwest Fruit Exchange, a corporation, have appealed.

Appellants contend that, under the provisions of Rem. Rev. Stat., § 296 [P. C. § 8380], respondent could not join the action of conversion with the action upon the promissory note. By proper objections and motions, appellants preserved their rights as against the pleadings.

There are two causes of action joined in the complaint against five defendants. One cause of action, that concerning the liability upon the promissory note, an action upon contract, is directed against Columbia Agricultural Credit Corporation; the other, against all of the defendants, sounds in tort for conversion of the fruit which was mortgaged to Columbia Agricultural Credit Corporation and the mortgages assigned to respondent as security for the payment of the note. May such causes of action be joined?

Rem. Rev. Stat., § 296, provides:

"The plaintiff may unite several causes of action in the same complaint, when they all arise out of,—

"1. Contract, express or implied; or, . . .

"8. The same transaction.

"But the causes of action so united must affect all the parties to the action, and not require different places of trial, and must be separately stated."

All of the defendants were charged with conversion, but only one, the Columbia Agricultural Credit Corporation, was sued upon the promissory note. It is clear that an action upon the note could not have been maintained against appellants, for the reason that they did not sign the note. Rem. Rev. Stat., § 3409 [P. C. § 4089]; *Frazey v. Casey*, 96 Wash. 422, 165 Pac. 104; and *Spokane Security Finance Co. v. Anderson Co.*, 177 Wash. 554, 33 P. (2d) 102.

■ Two causes of action, though arising from the same contract, cannot be joined unless all parties are affected by all the causes of action. *Harmon & Co. v. Eastern Furniture Co.*, 144 Wash. 16, 255 Pac. 964.

■ Actions upon contract cannot be joined with tort actions against different persons where action against one arises *ex contractu* and the action against the other arises *ex delicto*. *Willey v. Nichols*, 18 Wash. 528, 52 Pac. 237; *Clark v. Great Northern R. Co.*, 31 Wash. 658, 72 Pac. 477; *Nelson v. Seattle*, 180 Wash. 1, 38 P. (2d) 1034; *Schaffner v. Preston Oil Co.*, 94 Ind. App. 554, 154 N. E. 780; *Elder v. Maudlin*, 213 Iowa 758, 239 N. W. 577; *Dalton v. St. Louis, I. M. & S. R. Co.*, 187 Mo. App. 691, 173 S. W. 77.

■ There is a misjoinder of causes of action in cases in which the complaint shows that all of the parties are not similarly affected. *McAllister v. Harper & Son*, 106 Wash. 373, 180 Pac. 412; *Carr v. Bell*, 129 Wash. 413, 225 Pac. 230; *Mores v. Jackson*, 60 F. (2d) 598.

The following statement from Pomeroy's Code Remedies (5th ed.), 559, § 367, properly states the rule to be followed in order to ascertain whether causes of action arise out of the same transaction:

"In order that causes of action may arise out of a transaction, there must therefore be a negotiation, or a proceeding, or a conduct of business, between the

parties, of such a nature that it produces, as necessary results, two or more different primary rights in favor of the plaintiff, and wrongs done by the defendant which are violations of such rights. The proceeding, or negotiation, or conduct of business, must, of course, be a unit, one affair, or else it would not be a single transaction; and yet it must be in its nature complex, for it must be the origin of two or more separate primary rights, and of the wrongs which violate them. In order that this may be so, the facts from which the different primary rights flow *must be parts of, or steps in, the transaction;* and, for the same reason, the wrongful acts or omissions of the defendant must be parts of the same transaction. If a single transaction—that is, a single, continuous, and complex proceeding, or negotiation, between the parties—is analyzed and reduced into its series of acts and defaults, and some of these acts are the facts from which spring one primary right in favor of the plaintiff, and other acts are the facts from which spring a different primary right in his favor, and others still are the violations' or breaches of these rights, these two causes of action do truly arise out of the same transaction."

The obligation to pay the debt evidenced by the promissory note and the conversion of the mortgaged property did not arise out of the same transaction. The giving of the note and the assignment of the crop mortgages constituted an independent transaction which had no relation to the conversion. The appellant corporations had no part in the execution of the contract, and they were not obligated to pay the note; neither were they interested in any of the thirty-two crop mortgages. The character of relief sought against appellants was not the same as that sought against Columbia Agricultural Credit Corporation.

Respondent contends that *German-American State Bank v. Seattle Grain Co.,* 89 Wash. 376, 154 Pac. 443; *Yakima Fruit Growers Ass'n v. Henneford,* 182 Wash.

437, 47 P. (2d) 831, 100 A. L. R. 435; and *Wenatchee Production Credit Ass'n v. Pacific Fruit & Produce Co.,* 199 Wash. 651, 92 P. (2d) 883, approve the joining of causes of action similar to the ones in the instant case.

An examination of those cases does not disclose holdings as urged by respondent. The question of misjoinder was not before the court in the first case. In the second case, we notice that the question arose upon a wholly different basis, and that it was not decided by the court; and in the last case, it is apparent that error by misjoinder of causes of action was not urged upon appeal.

*Capital Nat. Bank v. Johns,* 170 Wash. 250, 16 P. (2d) 452, also cited by respondent, far from supporting the position taken by it, holds that Rule II, Rules of Practice (Rem. Rev. Stat., § 308-2 [P. C. § 8676-5]), relates only to joinder of parties, does not purport to abrogate the provisions of § 296, *supra,* relating to joinder of causes of action and requiring that causes of action so united must affect all of the parties to the action. See, also, *Williams v. Maslan,* 192 Wash. 616, 74 P. (2d) 217.

We are compelled to hold that there was a misjoinder of the causes of action, and that the demurrer to the complaint should have been sustained.

Judgment is reversed, with instructions to dismiss the action against appellants.

MAIN, MILLARD, and ROBINSON, JJ., concur.

BLAKE, C. J. (dissenting)—I dissent.

"Refusal to surrender the proceeds of a mortgaged crop constitutes a conversion of the sum withheld; and in an action to foreclose the mortgage, such a converter is properly made a party." *Wenatchee Production Credit Ass'n v. Pacific Fruit & Produce Co.,* 199 Wash. 651, 92 P. (2d) 883, Syllabus ▪

I think the judgment should be affirmed.

ON REHEARING.

[*En Banc.* September 7, 1940.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adheres to the Departmental opinion heretofore filed herein.

