.[Decided January 19, 1888.]

## CHARLES H. DODD & CO. *v.* ARCHER S. BOWLES, SHERIFF, ETC., E. E. ROBERTS, A. SOMMERS, AND D. SOMMERS.

SALE—CONDITIONAL—EFFECT OF.—A contract for the sale of property, by the terms of which the legal title remains in the vendor until the payment of purchase price and interest, although the possession goes to the vendee, is good and valid not only against the parties to the transaction, but also against attaching creditors of the vendee. (*St. Germain* v. *Wind*, 3 Wash. 189, reaffirmed.)

ERROR to the District Court holding terms at Walla Walla. First District.

The appellants, Charles H. Dodd & Co., entered into a contract to sell certain farm machinery, which contract is set out in full in the opinion of the court, to certain parties named Fillmore and Davenport. The contract consisted of several notes signed by said Fillmore and Davenport aggregating $2,100. Each of the notes provided for the sale of the machinery by said appellants to Fillmore and Davenport, after the payment of said notes in full by the purchasers, and that until such payment the legal title to said machinery should remain in the appellants, to all of which the purchasers assented, and thereupon possession of the property was given to the purchasers. The agreement was made and to be performed in the state of Oregon. Subsequently the purchasers brought the property to this territory, and while here the appellees attached the same under a writ of attachment upon a debt due them from the purchasers. None of the contracts of sale were ever recorded. Thereupon the appellants made claim to the property under chapter 33 of the Code. Thereupon, a jury being waived, the cause was tried by the court upon a stipulated statement of facts, which appears in the opinion of the court. The court found against the appellants, and rendered judgment for the value of the property against them, from which they appealed.

*Messrs. Caton & Stanford,* for Appellants.

The contract, set out in the exhibit, is good; and the title to the machinery therein described is, and must remain, in said Dodd & Co. until the purchasers have complied with their part of their contract, as against all persons. This is unquestionably the law. (Benjamin on Sales, sec. 6230, note *d;* 2 Schouler on Personal Property, secs. 294 et seq. 300; *Ballard* v. *Burgett,* 40 N. Y. 314; *Cole* v. *Mann,* 62 N. Y. 1; *Hirschorn* v. *Canney,* 98 Mass. 149; *Blackwell et al.* v. *Walker Bros. & Co.,* 5 Fed. Rep. 419; *Wangler* v. *Franklin,* 70 Mo. 659; *Hotchkiss* v. *Hunt,* 49 Me. 213; *King* v. *Bates,* 57 N. H. 446; *Koehler* v. *Hayes,* 41 Cal. 455; *Harkness* v. *Russell,* 118 U. S. Rep. 663.) The contract having been made in Oregon, and to be performed there, the decisions of that state are decisive of this case. (Wharton on Contracts, 872, 874; Parsons on Contracts, 5th ed., vol. 2, p. 571; *Singer Manuf'g Co.* v. *Graham,* 8 Or. 17, 34 Am. Rep. 572; *Hawley, Dodd & Co.* v. *Bingham,* 6 Or. 76.)

*Messrs. B. L. & J. L. Sharpstein* and *Messrs. C. B. & W. H. Upton,* for the Appellees.

The facts in this case fix the transaction between appellant and Davenport, relating to the property in controversy, with the character of a sale. Plaintiff bases his right to recover in this action upon the provisions in the notes for which the property was exchanged, which were not accessible to the defendants or the public. Plaintiff sold and delivered the property in dispute to Davenport, who thereupon, and until defendants' attachments were levied, exercised all the rights of ownership, and was thus, with the aid of plaintiff, enabled to augment and increase his credit. Most of the indebtedness on which the property was attached was contracted in this territory, while Davenport was in possession of the property in this territory, exercising all the functions of owner. And now, when the property is called for to liquidate the indebtedness of Davenport, plaintiff attempts, without having complied with our chattel mortgage law, to maintain an ownership in the property as the means of obtaining the purchase money. Under our registration

laws vendors of personal property, selling and delivering the same on credit, if desirous of retaining a lien or claim for the purchase money, should be held to a strict compliance with the chattel mortgage laws, that the public may have notice of their claims, and that all secret liens or claims, intended as security to vendors of personal property without regard to the device adopted, should be held fraudulent and void as against *bona fide* purchasers and attaching creditors. (*Heryford* v. *Davis*, 102 U. S. 235; *Harvey et al.* v. *Rhode Island Locomotive Works*, 93 U. S. 664; *Singer Manuf'g Co.* v. *Cole*, 4 Lea (Tenn.) 439, 40 Am. Rep. 20; *Brunswick, Balke & Co.* v. *Hoover*, 95 Pa. St. 508; *Stadtfeld* v. *Huntsman*, 92 Pa. St. 53; *Van Duzor* v. *Allen*, 90 Ill. 499; *Latham* v. *Sumner*, 89 Ill. 233, 31 Am. Rep. 79; *Murch* v. *Wright*, 46 Ill. 487, 95 Am. Dec. 455; *Knittel* v. *Cushing*, 57 Texas, 354; *Greer* v. *Church*, 13 Bush (Ky.) 433; *Dudley* v. *Abner*, 52 Ala. 572; *Domestic Sewing Machine Co.* v. *Anderson*, 23 Minn. 57; *Cooper et al* v. *Cleghorn et al.*, 50 Wis. 113; *Singer Sewing Machine Co.* v. *Holcomb*, 40 Iowa, 33.)

Mr. Justice TURNER delivered the opinion of the court.

The court below adopted as its findings of fact in this case an agreed statement of facts, presented by the parties in lieu of testimony. Findings of fact, made by the court, and filed, are a part of the record. (Code, secs. 451 and 464.)

The point is not well taken, therefore, that the only matters of record before this court are the pleadings in the lower court and the judgment of the lower court.

Turning to the merits of the case, we find that the plaintiffs in error were claimants in the court below of certain farm machinery, seized by the defendant in error, Bowles, under execution, as the property of one Davenport; and the issue tried was, whether the property in said machinery, at the time of said seizure, was in the plaintiffs in error or in the said Davenport.

By the agreed statement, the following facts were admitted:

"1. That Davenport applied to plaintiffs (Charles H.

Dodd & Co.) to purchase the property described in the affidavit filed in this case, and they agreed upon the price for the same.

" 2. That the said property was delivered by plaintiffs to said Davenport, upon the notes or contracts marked Exhibits A, B, C, D, and E, which said exhibits are to be considered as a part of the facts in the case.

" 3. That defendants Sommers and Roberts had no notice of plaintiffs' claim.

" 4. That the claims of Sommers and Roberts against Davenport are correct and regular.

" 5. That at the time of attaching of the property by Sommers and Roberts, it was in the possession of Davenport, and he was using and operating the same in all respects as if he was the owner thereof; and that he was such owner, unless by virtue of the aforesaid contracts or notes the title remained in plaintiffs, at the time the same was attached, as against the said attaching creditor."

The exhibits referred to were all alike except as to dates and amounts. The following is a copy of Exhibit A:

" $300.00. Centerville, Oregon, September 1, 1884.

" On or before October 1, 1886, after date, without grace, for value received, we promise to pay to the order of Charles H. Dodd & Co., at the office of Charles H. Dodd & Co., at Portland, Oregon, three hundred dollars, payable in gold coin of the United States of America, with interest thereon in like coin from date until paid, at the rate of ten per cent. per annum.

" And in case a suit or action is instituted to collect the money above mentioned, or any portion thereof, we promise to pay, besides the costs prescribed by statute, a reasonable attorney fee in such suit or action. The above note is given upon and for the sole consideration that the said Charles H. Dodd & Co. have agreed, and promise, that upon the payment of said note, principal and interest, at maturity, they will sell and transfer to the undersigned, A. Fillmore and D. D. Davenport, a 33-inch new model separator, which the

said Charles H. Dodd & Co. have entrusted to the care of the undersigned. It is admitted and agreed that said property so entrusted is the property of said Charles H. Dodd & Co., and the legal title thereof is in said Charles H. Dodd & Co., and shall remain in them until they shall make the aforesaid sale and transfer, after the principal and interest aforesaid shall be paid. And the undersigned agree to return the said thresher, 33-inch new model separator, to the said Charles H. Dodd & Co., if requested, at any time before said sale and transfer, in good order, and such return shall not extinguish or alter the liability of the undersigned to pay the principal and interest aforesaid.

"ALBERT FILLMORE,

"Centerville, Postoffice address.

"D. D. DAVENPORT."

The effect of an instrument such as the above was discussed and determined by this court in *De Saint Germain* v. *Wind*, 3 Wash. 189, and it was there held that the transfer of the possession of property under such a contract did not convey the title out of the vendor. That decision was in harmony with, and was based upon, the decision of the Supreme Court of the United States in *Harkness* v. *Russell*, 118 U. S. Rep. 663.

We think, upon the facts found by the court below, that the judgment should have been in favor of the plaintiffs in error.

The judgment is therefore reversed, and the cause remanded with instructions to enter a judgment on said findings in accordance with this opinion.

JONES, C. J., and ALLYN, J., concurred.