[No. 2305. Decided December 14, 1896.]

A. C. UTTERBACK et al., Respondents, v. EZRA M. MEEKER et ux., Appellants.

APPEAL—ACCEPTANCE OF RESULTS OF DECREE — ESTOPPEL — IMPROPER JOINDER OF CAUSES OF ACTION.

The failure of appellants to object to the action of their co-defendants, in receiving money tendered by plaintiffs pursuant to the decree of the court, will not estop them from prosecuting their appeal, when the payment and acceptance of said money does not put an end to the controversy between the parties to the appeal.

An action to remove a cloud upon the titles of plaintiffs to their respective pieces of land, caused by a mortgage upon the whole of said land held by certain of the defendants, and also to restrain defendants from fencing up certain alleged public streets and alleys, cannot be maintained jointly by parties claiming under separate and distinct contracts and deeds embracing separate and distinct parcels of land purchased at different dates and in different additions, some of which had been laid out subsequent to the sales of lots in the prior platted additions.

Appeal from Superior Court, Pierce County.—Hon. JOHN C. STALLCUP, Judge. Reversed.

*A. R. Heilig* (*John P. Hartman, Jr.*, of counsel), for appellants.

*A. R. Titlow,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Plaintiffs brought this action to remove a cloud upon the titles of plaintiffs to their respective pieces of land, caused by a mortgage upon the whole of said land held by the appellants, Ezra M. Meeker and Eliza J. Meeker, husband and wife; also to restrain certain of the defendants from fencing up certain alleged public streets and alleys in the town of Puyallup and interfering with the ingress and egress to and from the several properties of the respondents.

There are thirteen plaintiffs in the case, each claiming to be lawfully in possession of distinct and different pieces and parcels of land consisting of town lots in different additions to the town of Puyallup. The possession and right of possession of some of the plaintiffs is based upon contracts of purchase and for deeds made with the. defendant, the Tacoma and Puyallup Railroad Company, a corporation, and Otis Sprague, receiver therefor (not appealing), which contracts bear different dates and embrace the premises claimed by the respective defendants. Other plaintiffs claim possession and right of possession by virtue of deeds of general warranty with covenants against incumbrances executed by said railroad company, conveying in severalty to such plaintiffs the several distinct pieces and parcels of land respectively claimed by them, said deeds bearing different dates. The mortgage held by the Meekers, already referred to, embraces within its description all of the lands in question owned by the plaintiffs respectively, and was a subsisting mortgage and of record in the proper office

at and prior to the date of execution of any of the contracts or deeds hereinbefore referred to.

The complaint, among other things, alleges in substance that prior to entering into any of said contracts with the respective plaintiffs, the Tacoma and Puyallup Railroad Company—at that time the owner of the lands in question—entered into an agreement with the defendants Ezra M. and Eliza J. Meeker (appellants), whereby said railroad company on behalf of itself and appellants was to make sale of said town lots covered by the aforementioned mortgage to any and all purchasers it might procure, and make a full, complete and clear title in fee simple to said lands and lots to such purchasers as might be procured. That thereafter and, in pursuance of said contract and agreement between said railroad company and the Meekers, the various plaintiffs purchased of said railroad company the lots respectively claimed by them and made payments under their respective contracts.

The complaint further alleges that appellants received from said railroad company on account of said mortgage the various sums paid by plaintiffs on account of their respective purchases; and also alleges that said mortgage and the indebtedness secured by it have been fully paid, and that the appellants knew that by the terms of the contracts between the railroad company and the respective plaintiffs, the plaintiffs were to receive from said company full, complete and perfect title in fee simple, free of all incumbrances, to the respective lots so purchased by them, and never, at any time, objected to the said railroad company making any of the aforementioned deeds and contracts, nor gave plaintiffs or either of them any notice that they would assert any right in and to said property by virtue of said mortgage, but, on

the contrary, by their acts induced plaintiffs and each of them to make said purchases, in consequence of which the plaintiffs were led to believe that the Meekers would make all the necessary and proper releases and acquittances of said pieces and parcels of land, freeing and discharging any and all incumbrances against each parcel thereof. That some of the plaintiffs have erected dwellings. upon their respective properties and otherwise permanently improved the same.

The complaint also alleges that the appellants unlawfully, against the rights of the plaintiffs and each of them, and without authority, have closed up, by fencing and boarding, a number of streets and alleys in said addition to the town of Puyallup, " although the same had been dedicated to the public use forever, and although said plaintiffs had purchased said aforementioned and described pieces and parcels of land in consideration that the same should be kept open and free for the use of these plaintiffs and for the public in general," etc. The other allegations of the complaint require no notice.

The appellants demurred to the complaint upon several grounds; among others: " (2) That several causes of action have been improperly united." The demurrer having been overruled and issues of fact joined, the cause was tried and a judgment and decree entered by the lower court in favor of the plaintiffs, from which this appeal has been taken.

A preliminary question arises upon a motion to dismiss the appeal, which motion is based upon the theory that the appellants Meeker have by their silence and failure to make objections to the action of their co-defendants (the McDonalds) receiving from plaintiffs money tendered by plaintiffs pursuant to the

decree of the court, consented thereto, and consequently are estopped from further prosecution of the appeal. We think there is no merit in the motion. The appellants can not be held bound by the conduct of the McDonalds in accepting the money which the decree provided should be paid to them, and the receipt and acceptance of said money by the McDonalds did not put an end to the controversy between the parties here.

The demurrer to the complaint should have been sustained upon the ground above stated.

The respondents contend that they each and all are interested in the contract made between the railroad company and the Meekers, that they each and all are suffering from a cloud that the appellants Meeker are attempting to cast upon their title, that they each and all are suffering from the fencing up of the streets which they are entitled to have kept open, and that they each and all made their respective purchases relying upon the representations of the defendants Meeker. They insist that the action belongs to the class—

"Where a number of persons have separate or individual claims or rights of action against the same party, but all arise from some common cause, are governed by the same legal rule, and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as co-plaintiffs, or one of the persons suing on behalf of the others, or even by one person suing for himself alone." 1 Pomeroy, Equity Jurisprudence, § 245.

That the rule thus laid down by Mr. Pomeroy has much authority in its support cannot well be doubted, but we are convinced that it is not applicable to the present controversy. The rights of the plaintiffs in this action do not arise from a "common cause." Nor

is the case of *Osborne v. Wisconsin Central Ry. Co.*, 43
Fed. 824, in point here.   In that case the plaintiffs
claimed to be the owners of tracts of land acquired
under the provisions of the homestead and pre-
emption laws of the United States, and the question
was, whether their lands were within the limits of
the grant by congress to the railway company or re-
served to the United States, and therefore open to
settlement.   The court held that they had a com-
munity of interest in the subject matter and a com-
mon source of title, namely,

"the action of the land department opening these
lands for entry under the homestead and pre-emption
laws of the United States."

But there is a clear distinction, it seems to us, be-
tween that case, in which it was said that "the com-
pany's claim is good or bad against all the plaintiffs,
as it may be good or bad against any one of them,"
and the present case, in which some of the plaintiffs
claim under separate and distinct contracts to which
all of their co-plaintiffs are strangers, and still others
of them rely upon covenants contained in deeds to
which all of their co-plaintiffs are strangers.   As
already noticed, five of the plaintiffs have not yet se-
cured deeds to the respective tracts claimed by them.
They assert that they have performed the require-
ments of their respective contracts, and this of itself
suggests an obstacle to the action.   The question, for
instance, of whether or not a particular plaintiff had
performed the conditions devolving upon him under
his contract of purchase is a question in which none
of his co-plaintiffs can possibly have any interest.   In
the determination of that question they have nothing
in common, and yet its determination becomes im-
portant and necessary to a decision of the cause.   We

say "necessary," because those of the plaintiffs who
are without title have found it necessary to allege in
their complaint that they have performed the condi-
tions of their respective contracts. Without this alle-
gation they would not be entitled to any relief upon
the other facts stated, and, if it was necessary or proper
to the statement of a cause of action that the com-
plaint should contain this allegation, it would be
equally permissible for the defendants to tender issue
thereon, and, in that event, could it be said that "the
defendants' claim is good or bad against all the plain-
tiffs as it may be good or bad against any one of
them?" Clearly not. The mere statement of the
proposition engenders its negation. The contracts
and deeds under which the respective plaintiffs claim
title, or right to title, are distinct and independent
contracts and deeds, made at different times, embrac-
ing separate and distinct parcels of land. For a breach
of the covenants contained in the deed of one of the
plaintiffs, none of the other plaintiffs could have a
right of action, and the evidence necessary to sustain
the cause of one plaintiff might and probably would
be wholly inadmissible in support of the claims of the
other plaintiffs. So, too, in regard to the relief which
is sought against the acts of some of the defendants in
fencing certain streets. The property claimed by some
of the plaintiffs is in Maplewood addition to the city
of Puyallup, that of some of the others is in the sec-
ond Maplewood addition, and that of the others is
in still another, viz., the third Maplewood addition.
These additions were platted at different times. The
plaintiff who bought lots in the first Maplewood addi-
tion clearly did not buy with reference to streets sub-
sequently laid out in another and different addition.
He has no interest in common with his co-plaintiff

who bought in the last named addition, and his right of action, if he has one at all, is founded upon a distinct and different claim. We deem it unnecessary to extend the discussion. Briefly stated, what is attempted here is to unite in one action several distinct and separate causes of action existing in favor of distinct parties, whose interests are several, and neither of whom has any interest in the cause of the others.

"The only respect in which it can be said that they have the same interest is, that their positions are similar. They each happen to have a right of action against the same person, for causes almost identical in their facts. This, however, is not sufficient to give them a joint right of action." *Hendrickson v. Wallace's Executor*, 31 N. J. Eq. 605; *Bort v. Yaw*, 46 Iowa, 323; *Samuels v. Blanchard*, 25 Wis. 329; Bliss, Code Pleading (3d ed.), § 123.

We have examined every case cited by counsel for the respondents upon this point, and are of the opinion that none of them conflict with the views herein expressed. Indeed, we think that *Tribette v. Illinois Central Ry. Co.*, 70 Miss. 182 (35 Am. St. Rep. 642, 12 South. 32), and *Owen v. Frink*, 24 Cal. 171, cited by respondents, are decidedly adverse to the position taken by them in the present controversy.

The demurrer should have been sustained. The decree will be reversed and the cause remanded, with instructions to dismiss the action.

HOYT, C. J., and ANDERS, J., concur.