[No. 4418.   Decided December 9, 1902.]

KOYUKUK MINING COMPANY, *Appellant*, v. A. T. VAN DE
VANTER *et al.*, *Respondents*.

CONVERSION — CUSTODY OF GOODS — EVIDENCE — ACTS OF AGENT —LI-
ABILITY OF PRINCIPAL.

Where the business of acting as custodian of goods attached by
a sheriff was entirely foreign to the character of business carried
on by a corporation, and it had never authorized its agent to act
in that capacity, evidence showing conversations between such
agent and the sheriff, to the effect that the agent agreed to keep
such goods for the sheriff, after the levy thereon while in the com-
pany's possession, was admissible in an action against the corpor-
ation for the conversion of the goods, since the corporation would
not be bound by the acts of the agent beyond the scope of his au-
thority.

CARRIER — LIEN — ENFORCEMENT.

Where a carrier, having a lien upon goods for freight and
wharfage, had never surrendered possession thereof to the sher-
iff upon an attachment against the goods, its subsequent sale of
the goods to satisfy its lien would be legal.

SAME — PLEADING — VARIANCE.

Where a complaint in an action was founded on the theory
that defendant, while acting as custodian of goods under a levy

by the sheriff, had converted same to its own use, plaintiff could not recover upon a contract to the effect that defendant had a lien on the goods for freight and wharfage charges and had agreed to notify plaintiff in case it became necessary for it to dispose of the goods.

SAME — DISPOSITION OF SURPLUS.

Where a carrier has sold goods for a sum in excess of its lien for freight and wharfage charges, the court may properly order the excess turned over to the county treasurer, under Bal. Code, § 5966, subject to the order of the party entitled thereto.

COSTS — ATTORNEY'S FEES — RECOVERY BY SEVERAL DEFENDANTS.

Statutory attorney fees are allowable to each of several defendants who answer separately, under Bal. Code, § 5171, which provides that "in all actions where there are several defendants not united in interest, and making separate defenses by separate answers, the court may award costs to such defendants as recover judgments in their favor."

Appeal from Superior Court, King County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Allen, Allen & Stratton,* for appellant.

*Piles, Donworth & Howe, C. H. Farrell* and *Wilshire & Kenaga,,* for respondents.

PER CURIAM.—The complaint alleged in substance that, in an action wherein one Lee was plaintiff and the appellant defendant, commenced on the 17th day of September, 1898, for the recovery of money, an attachment was issued on the 19th day of said month of September, and the writ was duly levied by W. H. Moyer, the then sheriff of King county, upon certain packages of machinery which is the property in controversy, and which was alleged to be of the value of $1,200; that the said property, at the time it was so seized, was in a warehouse belonging to the respondent Pacific Coast Company, and upon such seizure the said Moyer, as sheriff aforesaid, designated the said Pacific Coast Company as his custodian of said property, and said

Pacific Coast Company accepted the possession and custody of said property as keeper for the sheriff, and thereafter continued to hold it as such keeper; that afterwards, the respondent, A. T. Van De Vanter, having duly qualified as sheriff of King county, Moyer turned over and delivered to him, as sheriff, the writ of attachment, together with the property attached, and that ever since said time the possession and custody of the property has been held and retained by Van De Vanter as sheriff and the Pacific Coast Company as its keeper by virtue of said writ of attachment; that afterwards judgment was rendered in favor of the defendant in said action, directing that the property theretofore attached in said cause be delivered to said defendant; that demand for the possession of said property was duly made upon the defendants Van De Vanter and the Pacific Coast Company, but that they and each of them neglected and refused to deliver the same, and have converted the same to their own use.    The Fidelity & Deposit Company of Maryland, respondent, is surety on the bond of sheriff Van De Vanter.    The defendants answered separately, the sheriff and the bondsman practically denying the allegations of the complaint.    The Pacific Coast Company, in addition, alleged that it had never been engaged in the business of taking and holding property seized under judicial process, and that no officer of said company was authorized on behalf of said company to accept property as custodian for the sheriff; and alleged affirmatively that, at the time the plaintiff claims said property was attached, said defendant had the said property in its sole possession and exclusive control on its wharf and in its warehouse in the city of Seattle, and had an existing lien upon said property for the amount which it had advanced, with its own charges, and that it afterwards proceeded in accordance with the statute to sell said property to satisfy

its lien; that the property sold in excess of the lien and the costs of sale for $146.44, which amount it is alleged had never been called for by the plaintiff or any other person claiming to have a right thereto, and the defendant brought this amount into court and deposited it for the benefit of the party entitled thereto. A demurrer was interposed to this answer, which was overruled, and the affirmative allegations were put in issue by reply. Upon the close of the plaintiff's testimony, the court sustained defendants' challenge to the sufficiency of plaintiff's testimony, and directed a judgment for defendants, ordered the excess of $146.44 above mentioned to be turned over to the county treasurer, and gave judgment for costs to the defendants, including $15 attorney's fee to each defendant.

The first two assignments are that the court erred in refusing to admit evidence of the conversation and agreement between deputy sheriff Atwell, who was alleged to have made the levy, and Mr. Miller, as agent for the Pacific Coast Company, and the refusing to permit said Atwell to show what he did in the way of a levy on the property and in leaving it in custody of respondent Pacific Coast Company by arrangement with said Miller. We think the evidence was properly excluded. It was not shown that Miller was authorized by the Pacific Coast Company to constitute the company a keeper of goods attached by the sheriff. The testimony offered by the appellant shows that this company was not engaged in any such business, and, in fact, that its business was entirely foreign to this character of occupation. It is insisted by the appellant that, even if the contention be true that Miller exceeded his authority in pretending to keep the goods, there was a practical recognition of the arrangement by the company, and it could not keep goods which it had received under such an arrangement and plead the lack of authority

on the part of its agent. This statement of the law is doubtless correct, but there is not sufficient testimony to show that the company knew anything about its alleged appointment as keeper of these goods. Miller, who was introduced by the appellant, strenuously denies that any such authority was given him, or that he ever accepted such goods as keeper. We assume that there would have been a conflict of testimony between Miller and the witness whose testimony was objected to, on the question of whether Miller actually was appointed as keeper and accepted the trust. But there is no conflict on the question of Miller's authority, and, had he accepted the trust, the responsibility would simply have attached to Miller and not to the company, for it is too well established to need the citation of authority that a principal cannot be bound by an act of its agent beyond the scope of the agent's real or apparent authority.

The contention of the company is that it held the goods under its lien as a carrier; that they were sold under such lien; that it never was appointed keeper of such goods, and that no writ of attachment had ever issued thereon. It is asserted by the appellant, in its reply brief, that there is no evidence that the Pacific Coast Company ever had any lien; but we think counsel is mistaken in this regard. Outside of the answer of the Pacific Coast Company, which was introduced by the appellant, and which alleges the lien and the sale under the same, Judge Stratton, one of the attorneys in the case, who testified in appellant's behalf, testified, on page 23 of the statement of facts, that the Pacific Coast Company held the property for the advance charges of whatever steamship brought it, and the storage charges. He also testified that he knew of the claim of the Pacific Coast Company, and, in his conversation with one of the alleged agents of the company, assigned as a

reason for not paying it that he did not wish to make the lien more valuable in case the suit went against them. This fact is also shown by appellant's Exhibit D, which is a letter addressed to the appellant, and in the following words:

"We have on hand at Seattle a shipment of machinery from San Francisco on which the storage and freight charges now amount to $64.40. If shipment is not disposed of in a short time I will have to sell it for our charges. Please give this your prompt attention.

Yours truly,    J. F. Trowbridge, P. S. Supt."

Exhibit C is also a notification to that effect. In fact, there is an abundance of testimony that the Pacific Coast Company had a claim against these goods, and the law makes the claim a lien.

Neither do we think there was any testimony that would support a judgment to the effect that this property was ever turned over to respondent Van De Vanter, or that any legal levy was ever made. But, if such levy was made, it seems plain from the testimony that it was abandoned by sheriff Moyer. This property was received by the respondent Pacific Coast Company in July of 1898. According to appellant's contention, the property was levied upon on the 17th day of September, 1898, and the Pacific Coast Company sold the same on the 7th day of May, 1900. Thus it appears that this property was in the hands of the respondent Pacific Coast Company for nearly two years with this claim unpaid, and the appellant refusing and neglecting to pay the same lest such payment should inure to the benefit of the plaintiff in the first action. It seems to be inequitable to compel the respondent Pacific Coast Company to maintain this responsibility for so long a time without any recompense, and, after it had sold the property under its own lien claim for $300, to demand of this com-

pany the first original alleged value of the property. We think the sale made under the lien was a legal one.

It is argued by appellant that, in any event, an arrangement had been made by the agent of the company, Mr. Trowbridge, with one of the attorneys for the appellant, that the company should notify the attorney for the appellant in case it became necessary for it to dispose of this property. The testimony, we think, is not sufficient to establish this contract. But in any event such contract could not be recovered upon under the allegations of this complaint. The whole substance of the complaint, as far as the Pacific Coast Company is concerned, is that said company received the property as keeper from the sheriff of King county, and it had no notice that it would be called upon to defend against the contract now alleged.

What we have said is applicable to the question as to whether the court erred in overruling the motion for a new trial.

It was not error for the court to order the money turned over to the county treasurer. The law specially provides for this disposition in § 5966, Bal. Code, and it is there subject to the order of the appellant, if it belongs to it. There was no tender of the amount which would justify costs against the respondent.

Nor do we think the court erred in allowing the statutory attorney's fees to each one of the defendants. The statute provides, § 5171, Bal. Code:

"In all actions where there are several defendants not united in interest, and making separate defenses by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such defendants as recover judgments in their favor, or either of them."

Under this provision of the statute the costs were prop-

erly allowed to each of the defendants who answered separately.

We think there was no error committed by the court in any particular, and the judgment is affirmed.