[No. 6651.  Decided June 4, 1907.]

EDWIN J. BROWN, *Appellant*, v. THE STATE OF WASHINGTON
et al., *Respondents.*[1]

ACTIONS—JOINDER.   A complaint attempting to allege causes of
action against the state to annul a judgment of conviction in a crim-
inal case, against the state dental board with reference to the issu-
ance of a license to practice dentistry, and against the members of
the board and certain dental societies for damages, is demurrable on
the ground of misjoinder of causes of action.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered July 25, 1906, dismissing an
action upon sustaining demurrers to the complaint.   Affirmed.

*John R. Parker*, for appellant.

*The Attorney General*, and *E. C. Macdonald* and *A. J.
Falknor, Assistants, Walter M. Harvey, Samuel R. Stern*, and
*W. F. Meier*, for respondents.

RUDKIN, J.—The plaintiff commenced this action in the
superior court of Thurston county against the State, the

[1]Reported in 90 Pac. 266.

state board of dental examiners, the individual members of
the board as constituted at the time of the commencement of
the action, the surviving members of the board as constituted
in the year 1903, and certain individuals representing the
State Dental Society and the Seattle Dental Club. ' Demur-
rers interposed to the amended complaint by the several de-
fendants were sustained, and the plaintiff electing to stand on
his pleading and refusing to plead further, 'a judgment of
dismissal was entered. From that judgment an appeal has
been prosecuted to this court.

In view of the conclusion we have reached on one of the
grounds stated in each of the demurrers, we will not consider
the other questions discussed, and will make only such refer-
ence to the record as is deemed necessary to present the ques-
tion to be decided. The complaint avers that the plaintiff was
convicted of the crime of practicing dentistry without a li-
cense, in the superior court of King county, and was sentenced
to pay a fine of $200, and that the judgment of conviction
has been affirmed by this court; that the plaintiff has dis-
covered since the affirmance of the judgment that the state
board of dental examiners conspired with certain members
of the State Dental Society and the Seattle Dental Club to
prevent the plaintiff from obtaining a license to practice den-
tistry, and to prosecute the plaintiff for practicing dentistry
without a license, and that his conviction was encompassed
and brought about through such conspiracy. This is the
substance of the cause of action against the state, and the
prayer of the complaint is that the judgment of conviction
be reviewed, reversed, cancelled and annulled and that the
state be enjoined from enforcing the judgment during the
pendency of the action. As against the state board of dental
examiners, the relief sought is that it be required to grant
the plaintiff a license to practice dentistry, or that it be re-
strained from enforcing the provisions of the act relating to
the practice of dentistry. The relief sought against the in-
dividual defendants and the surviving members of the state

dental board as constituted in 1903, is that they be required
to account to the plaintiff for the damages sustained by reason
of the conspiracy complained of.

It will thus be seen that the plaintiff attempts to state the
following causes of action: First, an action against the state
to review and annul a judgment of conviction in a criminal
cause; second, an action to compel the state dental board
to issue a license, or to restrain the board from enforcing a
certain statute; and third, an action for damages against
the surviving members of the state dental board, as consti-
tuted in 1903, and certain individuals representing the State
Dental Society and the Seattle Dental Club. With the first
cause of action, the defendants other than the state have no
concern. With the second cause of action, the state and
the individual defendants have no concern, and with the third
cause of action the state and the state dental board have
no concern. Bal. Code, § 4942 (P. C. § 412), provides that
several causes of action may in certain cases be united, "But
the causes of action so united must *affect all the parties to
the action*, and not require different places of trial, and must
be separately stated." That these several causes of action
do not affect all the defendants is apparent, and unless we
are prepared to hold that a suitor may redress all his wrongs
in a single action, regardless of the parties affected and re-
gardless of the forms of law, this complaint is manifestly
faulty. The demurrers were properly sustained on the
ground that several causes of action are improperly united,
and the judgment is therefore affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, ROOT and
DUNBAR, JJ., concur.