[No. 6673.    Decided September 7, 1907.]

WITTLER-CORBIN MACHINERY COMPANY, *Appellant*, v. FELIX MARTIN *et al., Respondents.*[1]

APPEAL—NOTICE—TIME FOR TAKING.    The time for taking an appeal does not begin to run until the denial of a motion for a new. trial, seasonably made.

SALES—CONDITIONAL SALES—DESCRIPTION.    Under Laws 1903, p. 6, §1, providing that a conditional sale shall be absolute as to purchasers, incumbrancers or subsequent creditors in good faith, unless within ten days a memorandum of such sale is filed in the county wherein the vendee resides, a description in a memorandum of sale of an engine contains a sufficient description to put purchasers on inquiry, although the location of the engine is wrongly stated and it could not be identified, when the index book required to be kept by the auditor showed the time of filing, name of vendor and vendee,

[1]Reported in 91 Pac. 629.

date of instrument, and amount of purchase price, and inquiry prosecuted would have disclosed that it was the only engine owned by the vendee in that county.

SAME—REMEDIES OF SELLER—BONA FIDE PURCHASERS—BURDEN OF PROOF—MEMORANDUM OF SALE—EVIDENCE. In replevin by a vendor to recover an engine under the terms of a conditional sale, after the filing of a memorandum of the sale in the auditor's office, the burden of proof is upon the defendants to prove their allegations that they are *bona fide* purchasers without notice; and the memorandum of sale and proof of its filing is admissible in evidence to prove plaintiff's title.

COSTS — PERSONS ENTITLED — SEPARATE DEFENSES — ATTORNEY'S FEES. Defendants, separately appearing and pleading defenses based on different contracts, are each entitled, upon a dismissal, to tax the statutory attorney's fee as costs.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered September 13, 1905, dismissing an action of replevin, upon granting a motion for a nonsuit at the end of plaintiff's case. Reversed.

*Rose & Craven,* for appellant.
*Hardin & Hurlbut,* for respondents.

CROW, J.—On December 23, 1903, the plaintiff, Wittler-Corbin Machinery Company, a corporation of Seattle, Washington, made to one Earl B. Nims a conditional sale of one 30-horse power, stationary, side-crank, slide-valve engine, manufactured by L. L. Graves, of Streetor, Illinois. A written memorandum of the sale stating its terms and conditions, signed by the vendor and vendee, was, on December 31, 1903, filed in the office of the auditor of Whatcom county, the same being the county in which the vendee resided. This contract stipulated, that the purchase money should be paid by Nims in installments; that the engine should be located and remain at Lynden, Whatcom county, Washington, where Nims intended to install a shingle mill; that it should not be removed without the consent of the vendor; that time was of the essence of the contract; and that title should remain in the vendor until all payments were made.

The engine was described as follows: "1 30-horse power stationary, side-crank slide-valve engine, complete with all fittings, including governor and throttle, band wheels, lubricator, oil cups, and all steam connections." It was delivered to Nims on board cars at Getchell, Snohomish county, and shipped to Bellingham, Whatcom county. Nims, on its receipt in January, 1904, installed it in a small mill near Bellingham, instead of Lynden as agreed. It does not appear that he ever owned or installed any mill at Lynden. Default was made by him in payments of purchase money, and the plaintiff finding the engine in the possession of the defendants, Felix Martin and Home Security Savings Bank, a corporation, demanded its return, and commenced this action to recover its possession.

The defendants, the Home Security Savings Bank and Felix Martin, answered separately, the former pleading a mortgage executed by Nims, and the latter claiming title by purchase from Nims subject to the mortgage. The defendants each alleged that they had acquired their interests in good faith, without any notice, actual or constructive, of the plaintiff's title. In reply the plaintiff denied these allegations, and affirmatively pleaded the conditional sale, the filing of the contract with the county auditor, and constructive notice to the defendants.

On trial before a jury, the plaintiff offered the memorandum of conditional sale in evidence, with proof of its filing. To this offer the defendants objected, insisting that the description was indefinite and defective; that the location of the property was not correctly stated, and that the memorandum was insufficient to give constructive notice. The trial court reserved its ruling until the plaintiff, by the testimony of its salesman, had shown that the conditional sale was actually made to Nims; that the engine was then in Snohomish county; that Nims was to establish it in a small mill near Lynden; that the plaintiff afterwards found it in defendants' possession near Bellingham, and that it demanded possession, which was

refused. Thereupon the trial judge declined to admit in evidence the memorandum of sale or the proof of its filing. No further evidence being offered, a nonsuit was granted upon motion of the defendants, and a judgment of dismissal was entered. The plaintiff has appealed.

The respondents, claiming that oral notice of appeal was given at the time of the granting of the nonsuit, have moved to dismiss the appeal for the reason that the appeal bond was not filed in time. The nonsuit was granted and judgment entered on September 13, 1905. We cannot ascertain from the record that any oral notice of appeal was then given. On September 14, 1905, within the statutory time, the appellant filed a motion for a new trial, which was not denied until July 16, 1906. The appellant served and filed written notice of appeal, and also filed its appeal bond on October 6, 1906. The seasonable filing and service of a motion for new trial suspends judgment to such an extent that it is not final, until the motion is denied. *State ex rel. Payson v. Chapman*, 35 Wash. 64, 76 Pac. 525; *Rice Fisheries Co. v. Pacific Realty Co.*, 35 Wash. 535, 77 Pac. 839. The time for appeal did not commence to run until the denial of the motion on July 16, 1906. The appeal was thereafter properly perfected within statutory time. The motion to dismiss is denied.

The appellant contends that the trial court erred in refusing to admit in evidence the memorandum of conditional sale with proof of its filing with the county auditor. Prior to the enactment of chapter 106, Session Laws 1893, p. 253, conditional sales of personal property retaining title in the vendor were valid in this state, not only between the vendor and vendee, but also as against subsequent *bona fide* purchasers, incumbrancers, or creditors. *De Saint Germain v. Wind*, 3 Wash. Ter. 189, 13 Pac. 753; *Dodd & Co. v. Bowles*, 3 Wash. Ter. 383, 19 Pac. 156; *Quinn v. Parke & Lacy Machinery Co.*, 5 Wash. 276, 31 Pac. 866. To obviate the hardship of this rule, the legislature passed the act of 1893, *supra*, which was afterwards amended by chapter 6 of the Session Laws

of 1903, page 6. Section 1 of the last-mentioned act provides:

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, encumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

This statute did not invalidate conditional sales as between the original vendor and vendee, or as to third parties not *bona fide* purchasers or encumbrancers, where no memorandum was filed with the auditor, or where the description in any memorandum duly filed was indefinite. This being true, the written agreement was competent evidence as tending to sustain the appellant's allegation of title in itself.

The respondents contend, that the description of the engine contained in the memorandum was insufficient to give constructive notice of appellant's title; that it described the engine as being located at Lynden; that it never was located or kept there; that the respondents first saw it in Nims' possession and apparent ownership near Bellingham; that the description in the written memorandum would apply to any one of numerous engines located in Whatcom county; that the appellant had failed to mention the name of the manufacturer stamped on the engine; and that the description was so imperfect as to make the memorandum void for the purpose of giving constructive notice to respondents, who claim to be subsequent holders as *bona fide* purchaser and mortgagee.

We are unable to agree with this contention. The property when sold was in Snohomish county, and was to be thereafter delivered to Nims, who was to locate it at Lynden in Whatcom county. This he never did. Assume, however, that he had done so and that thereafter, without the knowledge or consent

of the appellant, he had removed it to Bellingham where the respondents first saw it, appellant would not have lost its title by reason of such removal. Yet, if the respondents had thereafter dealt with Nims, they would have been in no better position as to constructive notice than they now are. The 1903 statute, without referring to the location of the property, provides that the memorandum shall be filed in the office of the auditor of the county where the vendee resides, and § 2 provides that the county auditor "shall enter in a suitable book to be provided by him at the expense of his county, with an alphabetical index thereto, and exclusively for that purpose, ruled into separate columns with appropriate heads, 'The time of filing,' 'Name of vendor,' 'Name of vendee,' 'Date of instrument,' 'Amount of purchase price,' and 'Date of release.'" This contemplates that any person desiring to purchase personal property from one in possession thereof may, for protection, examine this book and index. Had the respondents done this, they would have learned of the memorandum of conditional sale, indexed in the names of appellant as vendor and Nims as vendee. It affirmatively stated that the vendor was a Seattle corporation, and that the vendee was a resident of Whatcom county. Respondents as intending purchasers could have applied to either for information. By doing so they would have ascertained that Nims had no mill other than the one located near Bellingham, and that the engine they were about to purchase was the identical engine mentioned in the memorandum of conditional sale. By prosecuting inquiries suggested by the memorandum on file, they would have obtained all information necessary for their protection. The description should not be held insufficient as a matter of law. In *Willey v. Snyder*, 34 Mich. *60, Mr. Chief Justice Cooley, in commenting upon the sufficiency of descriptions in chattel mortgages, said:

"But if a stranger is to be sent out to select property mortgaged, with no other means of identification than such as are afforded by the written description, and without being at lib-

erty to supplement that information by such as can be gained in the mortgagor's neighborhood by inquiry of those who know what property the mortgagor was possessed of which would answer the description in the instrument when it was given, and by possessing himself of such other circumstances as persons usually avail themselves of in applying written descriptions to the things intended, it is much to be feared that the stranger would be so often at fault that chattel mortgages, if their validity depended upon his success in identifying. the property, would seldom be of much value as securities. Written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect; the parties and their privies. A subsequent purchaser or mortgagor is supposed to acquire a knowledge of all the facts, so far as may be needful to his protection, and he purchases in view of that knowledge."

Had respondents examined the index and files of the auditor's office, they would have learned of the conditional sale of an engine to Nims by appellant. As Nims resided in Whatcom county, this fact would have been sufficient to place a cautious business man on inquiry for the purpose of ascertaining *what* engine had been so sold. The evidence, however, fails to show that respondents either examined the records or made any investigation. As against Nims and all third parties not *bona fide* purchasers or incumbrancers, appellant was the owner, and respondents can only secure their alleged rights by showing that they were obtained from Nims in good faith. They severally alleged themselves to have been innocent holders, one as purchaser and the other as incumbrancer, without notice of appellant's title. These allegations being denied, the burden of proof to sustain them rested on respondents. No such proof was offered or made. A party seeking to avail himself of rights as an innocent purchaser must affirmatively plead and prove such rights. 2 Abbott, Trial Brief, p. 1634, § 43; *Diemer v. Guernsey,* 112 Iowa 393, 83 N. W. 1047; *Wilhoit v. Lyons,* 98 Cal. 409, 33 Pac. 325.

Under statutes of other states providing for the filing or recording of written memoranda of conditional sales, this rule has, in well-considered cases, been especially applied to defendants in replevin actions who claimed to have purchased in good faith from vendees in possession of personalty under such conditional sale contracts. *Crumrine v. Reynolds*, 13 Wyo. 111, 78 Pac. 402; *Singer Mfg. Co. v. Nash*, 70 Vt. 434, 41 Atl. 429. The honorable trial court erred in refusing to admit in evidence the memorandum of conditional sale, with proof of its filing with the county auditor.

The respondents appeared by the same attorney, but answered separately. In their separate cost bills they each taxed a statutory attorney fee. The appellant moved the court to retax costs by allowing them but one fee. This motion being overruled, it assigns error, contending that respondents were entitled to one fee only. Assuming the respondents to be entitled to costs, this contention cannot be sustained. One respondent answered claiming title by purchase, while the other pleaded a mortgage. These defenses were based on different contracts, and were properly presented by separate answers. The fact that both respondents were represented by the same attorney is immaterial. *Koyukuk Mining Co. v. Van De Vanter*, 30 Wash. 385, 70 Pac. 966.

For error in refusing to admit the written memorandum in evidence with proof of its filing, the judgment is reversed, and the cause remanded for a new trial.

HADLEY, C. J., RUDKIN, FULLERTON, MOUNT, and DUNBAR, JJ., concur.