[No. 15120.  Department One.  April 4, 1919.]

W. C. McALLISTER *et al., Appellants,* v. WM. P. HARPER & SON *et al., Respondents.*[1]

ACTION (24)—JOINDER—PARTIES AND INTERESTS INVOLVED. Under Rem. Code, § 296, providing that causes of action united in one complaint must affect all the parties to the action, there is a misjoinder of two causes of action relating to five lots, where two of the lots are owned by one of the plaintiffs and three by the other, each of whom has its own grievance and is not interested in that of the other and different relief is sought.

COSTS (9) — PREVAILING PARTY — SEPARATE ISSUES AND APPEARANCES. Where the interests of defendants are not identical and they made separate appearances, they are entitled to separate costs of suit.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 10, 1918, dis-

[1]Reported in 180 Pac. 412.

missing an action for equitable relief and damages, upon sustaining a demurrer to the complaint. Affirmed.

*L. H. Wheeler,* for appellants.

*Wright, Kelleher & Allen (Howard W. Sanders,* of counsel), for respondents.

MITCHELL, J.—This is an appeal from a judgment of dismissal, upon sustaining demurrers to an amended complaint. The amended complaint was demurred to upon the ground that several causes of action were improperly united. Appellants' causes of action were also separately demurred to upon the ground that either did not state facts sufficient to constitute a cause of action.

The complaint purports to contain two causes of action, the second of which is merely a repetition of the first, with the addition of a claim for damages. Appellants' argument is based upon the misconception that the case involves a misjoinder between their so-called first and second causes of action; while, as a matter of fact, the trouble is that the amended complaint shows a misjoinder of several causes of action, if any, belonging to different parties. One state of facts relates to appellants McAllister and wife; the other, a wholly different state of facts, to appellant Vanasse Land Company, Incorporated. There are five lots involved in the case, the ownership of two of which is in the McAllisters, while the other three are owned by the Vanasse Land Company, Incorporated.

As to the McAllisters, it appears that certain of the respondents claim a first mortgage on their lots, and that respondents held a second mortgage on all five of the lots; that certain respondents procured respondent Kuhlmann to foreclose the second mortgage, obtain-

ing a sheriff's certificate of sale, and that, without notice or levy, personal property of the McAllisters was taken with the realty; that respondents threatened to dispossess the McAllisters; that the second mortgage indebtedness should be equitably divided between the properties held in different ownership; that the respondents agreed to enter into a contract for the segregation of the indebtedness, and then refused to do so except upon the payment of an amount in excess of that which ought equitably to be charged against the McAllisters' property.

As to appellant Vanasse Land Company, Incorporated, it is alleged that it is the owner of three of the five lots; that certain of the respondents claim a first mortgage on said lots and also claim a second mortgage on all five lots; that said respondents procured Kuhlmann to foreclose the second mortgage; that, pending such foreclosure, respondents, by Kuhlmann, instituted tax foreclosure proceedings against the three lots belonging to said Vanasse Land Company, Incorporated (but not against the two lots of the McAllisters); that respondents obtained a tax deed to said three lots and that such tax foreclosure was void; and that respondents are threatening to dispossess the Vanasse Land Company, Incorporated, of its property.

It appears rather clearly from reading the amended complaint that the cause of action, if any, which the McAllisters have is different from that, if any, which the other appellant, the Vanasse Land Company, Incorporated, has; and that, in fact, several causes of action, in favor of different persons, have been improperly united. Each of the appellants has his own grievance, and neither is interested in that of the other. The Vanasse Land Company, Incorporated, is

in no way interested in the subject-matter relating to the two lots which it had sold to the McAllisters. It would not be benefited by the court's allowing the McAllisters to redeem for less than the full amount of the mortgage foreclosure judgment. On the other hand, the McAllisters are in no way interested in the three lots which the Vanasse Land Company, Incorporated, still claims to own, nor are they concerned in any way as to whether the tax deed, which does not affect their lots, is cancelled. The McAllisters claim the right to a separate redemption of their two lots from the mortgage foreclosure; the Vanasse Land Company, Incorporated, seeks no such relief. The testimony to obtain the cancellation of the tax deed is immaterial to the McAllisters, while the testimony necessary to obtain the relief sought by the McAllisters is different from, and unimportant to, the Vanasse Land Company, Incorporated.

Section 296 of Rem. Code sets forth what causes of action may be joined in one complaint and adds: "But the causes of action so united must affect all the parties to the action, . . ." By this rule it is plain that two or more parties having separate grievances against the same party cannot join in one cause of complaint, for *it is necessary that the causes of action must affect all the parties to the action.* This case falls within the rule announced in the case of *Utterback v. Meeker,* 16 Wash. 185, 47 Pac. 428, wherein it was said:

"Briefly stated, what is attempted here is to unite in one action several distinct and separate causes of action existing in favor of distinct parties, whose interests are several, and neither of whom has any interest in the cause of the others."

The complaint was held demurrable.

See, also, *Brown v. State,* 46 Wash. 399, 90 Pac. 266.

The opinion we thus reach upon this branch of the case makes it unnecessary to consider another question presented by respondents to the effect that the amended complaint does not state a cause of action because it appears upon the face thereof that the matters involved are *res adjudicata*.

Appellants likewise complain of the allowance of costs, permitted in the lower court; but an examination of the complaint shows that the interests of the respondents were not identical. They made separate appearances, and hence separate costs are allowable. Rem. Code, § 480; *Koyukuk Min. Co. v. Van De Vanter,* 30 Wash. 385, 70 Pac. 966; *Wittler-Corbin Machinery Co. v. Martin,* 47 Wash. 123, 91 Pac. 629.

Other minor assignments of error become unimportant because of the disposition made of the case upon the principal point in the controversy, to the effect that there has been a misjoinder of causes of action.

Judgment affirmed.

CHADWICK, C. J., MACKINTOSH, MAIN, and TOLMAN, JJ., concur.