## MALEWICKI v. QVALE.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1924.)

No. 6381.

·1. United States ⟨⇒50—Federal prohibition director held not liable for negligent or unauthorized acts of deputy.

Under rule that public officer is not responsible for negligence of persons employed by or under him in discharge of his official duty, federal prohibition director is not liable for negligence or unauthorized acts of his deputy in course of lawful search.

2. United States ⟨⇒50—Federal prohibition director's deputy is not his agent.

Under National Prohibition Act 1919, tit. 2, §§ 1, 28, 38 (Comp. St. Ann. Supp. 1923, §§ 10138, 10138½o, 10138½y), federal prohibition director has no right to hire or discharge those under him, but he and his assistants· are all subordinates of the Commissioner of Internal Revenue, and director's deputy is not his agent as regards deputy's negligent acts.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by Elizabeth Malewicki against S. B. Qvale. Judgment for defendant, and plaintiff brings error. Affirmed.

James J. Fitzpatrick, of Aberdeen, S. D., and R. S. Cowie and Q. H. Hale, both of La Crosse, Wis., for plaintiff in error.

Lafayette French, Jr., U. S. Atty., and William Anderson, Asst. U S. Atty., both of St. Paul, Minn., for defendant in error.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

SYMES, District Judge. This record presents but one question, to wit: Is a federal prohibition director (the person having charge of the administration of federal prohibition in any state) liable to respond in damages to another for injuries resulting from the negligence of his deputies in the course of their employment? Plaintiff in error contends that he is liable. The defendant in error, a prohibition director, denies liability.

The case arose this wise: The defendant here and below is the federal prohibition director for the 'state of Minnesota. On the night of May 10, 1922, a deputy of the defendant named O'Neill, entered the plaintiff's home under a search warrant directed to "S. B. Qvale, Federal Prohibition Director, or any of his agents," authorizing entry in the daytime. It is alleged that in the course of the search O'Neill piled a roll of carpet at the head of a stairway in such a manner that the plaintiff, the wife of the owner of the house, fell over it in the dark, down a flight of stairs, sustaining injuries, for which she sues to recover damages. The case was originally brought in the state court, removed, and, when it came on for trial, the defendant moved to dismiss, and the motion was granted.

[1] It is conceded by counsel for plaintiff in error that a public officer as a rule is not responsible for the misfeasance, positive wrongs, negligences, etc., of subagents or servants or other persons properly

⟨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

employed by or under him in the discharge of his official duty. This is settled by Robertson v. Sichel, 127 U. S. 507, 8 Sup. Ct. 1286, 32 L. Ed. 203. The Supreme Court there held that the government itself is not responsible for the misfeasance, wrongs, etc., of subordinate officers or agents employed in the public service and that for the same reason the "head of a department or other superior functionary is not in a different position." See, also, Dunlop v. Munroe, 7 Cranch, 242, 3 L. Ed. 329; Zinkhan v. District of Columbia, 50 App. D. C. 312, 271 Fed. 542; Banco Nacional Ultramarino v. Newton (D. C.) 278 Fed. 207. We are cited to no authority that brings the present case within the few exceptions to this rule. There are some cases holding a superior officer liable for the acts of his subordinates, but those are actions where the superior officer was sued upon his official bond, which gives rise to contract action, as distinguished from a tort, or where a statute specifically creates such liability.

[2] A further bar to recovery here is that the deputy whose acts are complained of was not the agent of the defendant, in the sense that would import legal liability for his acts. Section 38 of title 2 of the National Prohibition Act of October 28, 1919 (Comp. St. Ann. Supp. 1923, § 10138½y), authorizes the Commissioner of Internal Revenue and the Attorney General to appoint and employ such assistants, experts, clerks, and other employees as they may deem necessary for the enforcement of the provisions of the act. Section 1 of title 2 of said act (Comp. St. Ann. Supp. 1923, § 10138½) authorizes the Commissioner, with the approval of the Secretary of the Treasury, to make such rules and regulations as are necessary for the carrying out of the act, and finally section 28, title 2, of the said act (Comp. St. Ann. Supp. 1923, § 10138½o) provides that the Commissioner and his assistants, agents, etc., shall have all the power and protection in the enforcement of the act as is conferred by law for the enforcement of existing laws relating to intoxicating liquors, etc. It will thus be seen that the defendant had no right to hire or discharge those under him, and that he and his assistants are all subordinates of varying degree under the Commissioner of Internal Revenue, located in Washington. It also appears from this record that the deputy's acts were wholly unauthorized and outside of any instructions given him by the defendant, and that the defendant himself was not present and did not participate or acquiesce in the acts complained of.

For these reasons, the question is answered in the negative, and the judgment of the lower court affirmed.