### MORES et al. v. JACKSON, Prohibition Administrator, et al.

### No. 20594.

District Court, W. D. Washington, N. D.
July 8, 1932.

C. D. Liliopoulos, of Seattle, Wash., for plaintiffs.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for defendants.

NETERER, District Judge.

The defendants are charged in two counts: The first count charges illegal search alleged to have been made, in which is commingled a statement for false imprisonment; and the second count appears to have been predicated upon a charge of false imprisonment commingled with illegal arrest.

It is alleged that the plaintiffs were conducting a restaurant business, and that at a time given an illegal search was made by the defendant F. J. Morton, acting agent for the United States under the supervision of the defendant Carl Jackson. The first count clearly does not state a cause of action against Jackson. Jackson did not participate; he was not a party to the search; he did not give any direction for the search; he does not stand in the relation of principal to Morton who did make the search, and therefore is not responsible for any of his acts as principal. Malewicki v. Qvale (C. C. A.) 298 F. 301; Pavish v. Meyers, 129 Wash. 605, 225 P. 633, 34 A. L. R. 561.

Regulations No. 1, Treasury Department, Bureau of Prohibition, Field Office Manual, September, 1927: "Service beyond the probationary period makes the appointment absolute, and the removal of any employee thereafter can be accomplished only for reduction in force or charges of delinquency or misconduct as provided in civil service rule 7."

General Orders of the Attorney General, July 1, 1930, par. 7: "The Director of Prohibition shall exercise general supervision over all the officers and employees of the Bureau of Prohibition, and except as to the Assistant Director of Prohibition he shall, subject to the approval of the Attorney General, fill all vacancies in offices and positions which may now or hereafter exist."

General Order No. 3 of the Attorney General relating to the Bureau of Prohibition, July 11, 1930, places the power of control as to resignation, suspensions, etc., upon the Director of Prohibition. This power to "hire and fire" is lodged with the Director of Prohibition and with the Civil Service Commission.

The second cause of action charging false imprisonment alleges that Jackson directed that the person be held. It does not charge that he directed he be held without

warrant. The presumption, in the absence of allegation, is that officers perform their duty legally, and, in the absence of such pleading, a cause of action is not stated.

■■ It may also be said that several causes of action are improperly united, in that there is a defect of parties plaintiff and defendant, and, likewise, misjoinder of causes of action and of parties. Several causes of action may be united in the same complaint whenever they arise out of the same transaction and affect all the parties to the action. Section 296, Rem. Comp. Stat. of Washington, 1922.

Illegal search and seizure and false imprisonment do not arise out of the same transaction. While they are both torts, they do not belong to the same class of wrongs. In the instant case, they arose out of the doing of different things by the defendants, and are different in their characteristics. Konick v. Champneys, 108 Wash. 35, 183 P. 75, 6 A. L. R. 459; Rogers v. Savage, 117 Wash. 521, 201 P. 768. Nor do the causes of action affect all the parties to the action in the same manner. Jackson was not concerned with the charge of illegal search and seizure. The pleader says Morton made the illegal search and also the false imprisonment, but the complaint injects Jackson in both causes of action, when by no stretch of imagination upon the law could he be liable for illegal search. There is therefore a misjoinder of defendants as to Jackson. If a cause of action was apparent, he would be answerable only to false imprisonment, whereas Morton for illegal search and false imprisonment. The parties are not affected equally. See McAllister v. Wm. P. Harper & Son, 106 Wash. 373, 180 P. 412. The interests of the parties are several, and attempt to unite in one cause the several distinct and separate causes is not permissible. See, also, Brown v. State, 46 Wash. 399, 90 P. 266.

The plaintiffs seek joint damage in the first cause of action by reason of injury to the business; in the second cause of action the damage is to the individuals. The damage to each in the second cause of action is separate and distinct; they have no joint or common interest. The damage, if any, could not be equal as to each, as the reputation of one may be good and the other bad. They are not equally interested, and their interests are separate. And, as to the defendants, they are not joint tort-feasors, nor acting in concert, and the rule for measure of damages, if any, would not apply to each in the same manner.

The demurrer is sustained.

The citations of the plaintiff: 21 R. C. L. page 922, § 1, and page 924, and 25 C. J. page 500, § 73, with reference to acts of agents, have no relation to the issue in this proceeding, as the relation of principal and agent did not obtain between the defendant Jackson and the defendant Morton.