[No. 16578.   Department One.   January 3, 1922.]

GEORGE HAMES *et al., Appellants,* v. SPOKANE-BENTON
COUNTY NATURAL GAS COMPANY *et al., Respondents.*[1]

ACTION (24)—JOINDER OF CAUSES—PARTIES AND INTERESTS IN-
VOLVED. A complaint is demurrable for misjoinder of causes of ac-
tion, under Rem. Code, § 296, where it joins a stockholders' action
brought on behalf of, and common to, all stockholders, with an-
other cause of action not common to all stockholders, but existing
only in favor of the plaintiffs for the recovery of money loaned to
the corporation and the foreclosure of the security given therefor.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered December 8, 1920,
upon sustaining a demurrer to the complaint, dismiss-
ing an action by stockholders against a corporation.
Affirmed.

*Mulligan & Bardsley,* for appellants.

TOLMAN, J.—Appellants, plaintiffs below, after a de-
murrer had been sustained to their complaint, refused
to plead further and elected to stand upon their com-
plaint, whereupon a judgment of dismissal was entered
against them, from which they have appealed.

The complaint purports to set up two causes of
action.   The first cause of action is set forth in five
paragraphs, alleging, respectively, the corporate exist-
ence of the defendant corporation; that the individual
defendants are officers and trustees and in full control
of the affairs of the defendant corporation; that plain-
tiffs are stockholders in the defendant corporation and
bring this action in their own behalf as such stockhold-
ers and on behalf of all other stockholders who may
join in the action.   The fourth paragraph sets out the
objects and purposes for which the defendant corpora-

[1]Reported in 203 Pac. 18.

tion was organized, and alleges that, since its incorporation, it has been engaged in carrying on the business for which it was incorporated, and has acquired property and property rights. The fifth paragraph, disregarding conclusions and liberally construing it with reference to such facts as are meagerly stated, pleads that the individual defendants, while acting as officers and trustees of the corporation, caused the corporation to enter into contracts with themselves for the payment to them of unreasonable expenses, salaries and commissions on the sale of stock, which they have caused to be paid to themselves from the funds of the corporation.

The second cause of action consists of three paragraphs. By the first the plaintiffs adopt the allegations in the first four paragraphs of the first cause of action, and the remaining two, in substance, plead that the individual defendants, through misrepresentations, procured plaintiffs to loan to the corporation $3,450, and take its treasury stock as collateral security therefor, and then caused the transaction to be entered and shown on the books of the corporation as a sale of treasury stock, and paid to themselves a commission on such sale of $1,380, placing in the treasury of the corporation only the remainder of the sum loaned. Interwoven therewith are allegations of a wrongful disposition of the property purchased with the borrowed money, which have no relation to plaintiffs' individual cause of action for the money loaned, and which could give rise only to a cause of action by the corporation or its stockholders.

A judgment is demanded against all of the defendants for the amount loaned, with interest; for the foreclosure of the collateral security, and also for the appointment of a receiver for the corporation, and for other and general relief.

To this complaint the defendants separately and severally demurred. As to the first cause of action, upon the ground that plaintiffs have no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. To the second cause of action, the demurrer is based upon the same grounds, and, in addition, that several causes of action have been improperly united; and to the whole complaint upon the ground that several causes of action have been improperly united.

The first cause of action, considered in the light of *Wonderful Group Min. Co. v. Rand,* 111 Wash. 557, 191 Pac. 631, and *Sacajawea Lumber etc. Co. v. Skookum Lumber Co.,* 116 Wash. 75, 198 Pac. 1112, which lay down the salutary rule that a trustee of a corporation has no power to vote upon a question in which his individual interest is opposed to that of the corporation, perhaps states a cause of action, and, if so, a cause of action which is common to all stockholders of the corporation, and one for which, under Rem. Code, § 190 (P. C. § 8271), one stockholder may sue for the benefit of all. We hold that, by the first cause of action, plaintiffs plead only a cause of action common to all stockholders of the defendant corporation. The second cause of action, applying the same rule of liberal construction, states a cause of action not common to all of the stockholders of the defendant corporation, but existing only in favor of the plaintiffs for the recovery of money loaned, with interest, and the foreclosure of the security given therefor. If it attempts to do more, the further attempt is abortive because not separately stated. It is somewhat doubtful whether this cause of action, as pleaded, is against the corporation or the individual defendants, but, as the prayer is for judgment against "the defendants", we assume that the pleader

intended to charge all of the defendants with liability for the sum alleged to have been loaned. It is at once apparent that the second cause of action has nothing to do with the first, and that the stockholders of the corporation, as such, have no interest whatsoever therein. We find no provision in the statute, Rem. Code § 296 (P. C. § 8380), with reference to the joinder of causes of action which permits the joinder in the same suit of the two causes of action pleaded. In the section referred to, after specifying what causes of action may be joined, the statute provides, "but the causes of action so united must affect all of the parties to the action, and not require different places of trial, and must be separately stated."

It is too plain for argument that the causes of action sought to be united here do not comply with this rule; the first cause of action being purely a stockholder's action brought on behalf of, and common to, all stockholders, cannot be united with the second cause of action, which is personal to the plaintiffs only. Moreover, the first cause of action seems to fall under subdivision 7 of the section referred to, permitting the uniting of claims against a trustee by virtue of a contract, or by operation of law, while the second cause of action falls under subdivision 1 of the statute permitting the uniting of causes of action growing out of contract, express or implied.

We are forced to the conclusion that the demurrers were properly sustained, and, therefore, the judgment must be, and is, affirmed.

PARKER, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.