[No. 20280.   Department One.   May 12, 1927.]

F. S. HARMON & COMPANY, *Appellant,* v. EASTERN FURNITURE COMPANY et al., *Respondents.*[1]

[1] ACTION (24)—JOINDER OF CAUSES—PARTIES AND INTERESTS INVOLVED. Two causes of action are improperly united, under Rem. Comp. Stat., § 296, providing that several causes united must affect all the parties, where an action is brought against a furniture company and its officer, for the purchase price of goods sold, alleging also a separate promise by a creditor of the furniture company, affiliated with it and joined as a party, to refrain from enforcing its obligations for a definite time.

[2] APPEAL (418)—REVIEW—FINDINGS. Findings upon directly conflicting evidence of witnesses produced before the trial court will be sustained on appeal, unless clearly against the preponderance of the evidence.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered January 25, 1926, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

[1]Reported in 255 Pac. 964.

*Nelson R. Anderson* and *Williamson & La Berge,* for appellant.

*Rigg & Venables* and *Nat U. Brown,* for respondents.

FULLERTON, J.—The appellant, F. S. Harmon & Company, is a wholesale dealer in furniture, having its principal place of business in the city of Tacoma. The Eastern Furniture Company was formerly a retail dealer in furniture, its place of business being in the city of Yakima. The Lombard-Horsley Investment Company is a corporation also doing business in the city of Yakima. The appellant sold furniture to the furniture company, and on August 15, 1922, was a creditor of that company in a sum approximating $15,-550. The corporation named was at that time also a creditor of the furniture company, the obligation of the company to it approximating $14,000. The respondent, H. H. Lombard, and one Frank Horsley owned the capital stock of the Lombard-Horsley Investment Company, and these three owned the capital stock of the furniture company, with the possible exception of a few shares. H. H. Lombard was the secretary and manager of the Lombard-Horsley Investment Company, and the president of the furniture company. The furniture company, while it had operated for a number of years, had not been a paying concern, and was in itself insolvent. It seems to have been the belief of both Lombard and the president of the appellant, that the failure of the furniture company to do a profitable business was due to incompetent management, and their further belief that, if it was put into competent hands, it could not only be made a paying concern, but be made so far profitable as to be able to redeem its outstanding obligations.

On the date above given, the appellant, represented by its president, and the furniture company, repre-

sented by Lombard, entered into some form of agreement by which the furniture company continued in business. The agreement was oral, and its terms is the principal question in dispute in the present action. Following the agreement, Lombard, either on his own behalf or on behalf of the Lombard-Horsley Investment Company, paid on the account the sum of $10,000, and agreed to pay the remainder, and, as we gather from the record, subsequently did pay it. The appellant on its part continued to furnish the furniture company such furniture as it needed for its retail trade, and between the date of the agreement and sometime in July, 1924, sold and delivered to it furniture of the value of $35,927.52. Of this sum $29,873.54 was paid.

During the course of the dealings, the appellant and the furniture company would at intervals strike a balance on the account, and the furniture company would execute to the appellant its promissory note for the amount due. These notes would be presented to Lombard, who would indorse them, either in his own name or the name of the Lombard-Horsley Investment Company, and deliver them to the appellant. The manner in which they were indorsed is a subject of dispute in the evidence; the appellant's testimony was to the effect that they were indorsed in part by Lombard individually and in part by the Lombard-Horsley Investment Company, while the respondents' testimony is that they were all indorsed by that company. There were several of the notes indorsed, only three of which were produced at the trial. These bear the indorsement of the Lombard-Horsley Investment Company.

On July 10, 1924, the balance due from the furniture company to the appellant amounted to the sum of $6,459.23. For the amount of this sum, the furniture company executed and delivered to the appellant two

promissory notes, the one for $5,285.52, due in ninety
days, and the other for $1,173.70, due on October 10,
1924. These notes, while executed by Lombard on be-
half of the furniture company, he did not indorse
either in his own name or the name of the Lombard-
Horsley Investment Company, and subsequently re-
fused to indorse them in either form on the demand of
the appellant. The notes were not paid in full. On the
second of the notes, there was paid by the furniture
company $288.72 on September 26, 1924, and $66.53 on
January 19, 1925, but nothing on the first note, and
nothing more on the second.

On the refusal of Lombard to indorse the notes, the
appellant refused to sell to the furniture company any
more furniture, and that company discontinued its
business as a retail furniture dealer sometime in the
fall of 1924.

The appellant instituted the present action in May,
1925. It made parties defendant thereto the furniture
company, H. H. Lombard and Amee Lombard, his
wife, and the Lombard-Horsley Investment Company.
As against the furniture company, it declared upon the
promissory notes of July 10, 1924. As against H. H.
Lombard and Amee Lombard, it set out the relation of
the several parties, the insolvency of the furniture
company, and alleged

" . . . that for the purpose of obtaining credit
from the plaintiff [appellant] in the purchase of mer-
chandise necessary to carry on the business of the
[furniture company] the defendant H. H. Lombard
orally agreed to pay"
the appellant the past due indebtedness of the furni-
ture company to the appellant,

" . . . and further orally promised and agreed to
pay plaintiff for such goods, wares, and merchandise

as the plaintiff thereafter invoiced and delivered to said"

furniture company. As against the defendant Lombard-Horsley Investment Company, it set out the indebtedness of the furniture company to that company, and alleged a promise on its part not to exact payment of the indebtedness from the furniture company,

" . . . unless and until the plaintiff was paid in full for any goods, wares and merchandise which plaintiff should furnish to the defendant"

furniture company; further alleging a breach of the promise.

The complaint of the appellant was in form that of a single cause of action, and the defendants demurred on the ground that two or more causes of action had been improperly united; and moved, in the alternative, that the appellant be required to state separately its causes of action. The trial court overruled the demurrer and granted the motion, whereupon the appellant filed an amended complaint in which it stated its causes of action separately, repeating in substance its allegations against the furniture company and H. H. Lombard and wife in a first cause of action, and the charges against the Lombard-Horsley Investment Company in a second. To this complaint the defendants demurred on the ground, among others, that two causes of action had been improperly united, which demurrer the trial court sustained. The appellant then filed a second amended complaint, in which the charges against all of the defendants were stated as a single cause of action. To this complaint also the trial court sustained a demurrer. The appellant thereupon, after obtaining leave of court, filed a third amended complaint in which it complained against the furniture company and the Lombards in a single cause of action,

omitting any reference therein to the Lombard-Horsley Investment Company. The latter defendant was thereupon dismissed from the action, and the cause proceeded against the furniture company and the Lombards. It was tried by the court sitting without a jury. The court allowed the appellant to recover against the furniture company, but as to the Lombards, it found that H. H. Lombard made no agreement at any time to pay the account of the furniture company, and that neither he as an individual, nor he and his wife as a community, were liable for the obligation.

[1] The appellant's first complaint is of the several rulings of the court made with reference to the pleadings. To sustain its claim of error in this respect, the appellant principally relies on §§ 192 and 296 of the code (Rem. Comp. Stat.) [P. C. §§ 8273, 8380], and our decisions thereunder. The first of these sections provides that persons severally liable upon the same obligation may all, or any of them, be included in the same action, at the option of the plaintiff, and by the second, it is provided that the plaintiff may unite several causes of action in the same complaint when they all arise out of contract, express or implied, or arise out of the same transaction. The latter section is, however, subject to the limitation that the several causes of action so united "affect all of the parties to the action." The causes of action here involved are, we think, without question separate and distinct. According to the allegations of the complaint, the promise to pay for the merchandise was made by the furniture company and H. H. Lombard. In this promise the Lombard-Horsley Investment Company had no part, and it could not be sued thereon. The promise of the Lombard-Horsley Investment Company was to refrain from enforcing its obligations against the

furniture company for a definite time. This promise was made to the appellant, and with it neither Lombard nor the furniture company had any part, and could not be sued thereon. The contracts, therefore, while they may both arise out of contract, and may both have been entered into at the same time, do not affect all of the parties to the action within the meaning of that term as it is used in the statute. Neither the breach nor the performance of the one contract affected the other. The appellant could sue for a breach of the first, though the second was performed, and could sue for a breach of the second, though the first was performed, provided, of course, that in the latter instance it was in any way damaged by the breach.

Our cases we need not review. While we have given the cited statutes a liberal construction, we have never held that two or more causes of action could be united simply because they arose out of contract or arose out of the same transaction; the rule is applicable only where all of the parties to the action are affected by all of the causes of action. See *Hames v. Spokane-Benton County Natural Gas Co.*, 118 Wash. 156, 203 Pac. 18; *McAllister v. Harper & Son*, 106 Wash. 373, 180 Pac. 412; *Brown v. State*, 46 Wash. 399, 90 Pac. 266; *Utterback v. Meeker*, 16 Wash. 185, 47 Pac. 428.

[2] The other contention urged for reversal raises only a question of fact. The question, as stated in the pleadings, is whether H. H. Lombard promised and agreed to pay the appellant for such merchandise as it should sell and deliver to the furniture company. The testimony of neither party directly supports the allegation as alleged. That on the part of the appellant tended to show that Lombard established for the furniture company a "line of credit" up to $10,000, agree-

ing thereby to pay for all furniture the appellant should sell and deliver to the furniture company and for which it did not pay up to the amount of that sum. The evidence on the part of the respondent is that the Lombard-Horsley Investment Company, not H. H. Lombard, agreed to indorse the notes of the furniture company given for the purchase of furniture up to the sum of $10,000, and that it performed its contract. The trial court, as we have indicated, did not determine which of these contentions stated the true nature of the contract. It found, in effect, that, whatever might be the terms of the contract, it was made by the Lombard-Horsley Investment Company, and not by Lombard as an individual, and that he could not be held upon the contract, whether or not it was such a contract as the appellant's testimony tended to prove. In our opinion, the evidence does not preponderate against the finding of the trial court on the question on which it rested its conclusion. The evidence of the persons participating in the making of the agreement is in direct conflict, and the circumstances surrounding the transaction and the subsequent acts of the parties seem not to weigh heavily for either side. We have often recognized the superior advantages the trial court has over this court for determining the truth of a controversy from conflicting evidence, especially where the truth must be determined largely from the oral testimony of witnesses, and our rule has been to follow the trial court, unless we can clearly see that it found against the preponderance of the evidence. In this instance, we cannot conclude that it did so find, and the judgment will stand affirmed.

MACKINTOSH, C. J., FRENCH, MAIN, and MITCHELL, JJ., concur.